## OSKAMP ET AL. *v.* OSKAMP.

*Alienation of affections—Special requests to charge jury prop-*
*erly refused—Requests unrelated to issues and com-*
*menting on evidence—Punitive damages recoverable, and*
*wealth of defendant may be considered—Attorneys' fees*
*may be included therein, when—Amount of damages with-*
*in discretion of jury, when—Reviewing court cannot sub-*
*stitute judgment for jury's verdict, when—Insufficient evi-*
*dence of malice and participation to sustain excessive ver-*
*dict.*

1. In action for alienation of affections, requested special
   charges on seizure of personal property belonging to
   plaintiff's husband in no way relating to issues tried and
   commenting on evidence *held* properly refused.
2. Punitive damages may be awarded in action for conspir-
   acy to alienate plaintiff's husband's affections, and wealth
   of defendants may be submitted to jury in determining
   such damages.
3. Attorney fees may be included as part of punitive dam-
   ages to be awarded in action for alienation of affections.
4. In action for conspiracy to alienate plaintiff's husband's
   affections, instruction that amount of damages rested in
   sound judgment of jury in accordance with evidence and
   law, to be justly and impartially exercised, and author-
   izing punitive damages on finding of actual malice, *held*
   proper.
5. Appellate court cannot substitute its judgment for verdict
   of jury on question of damages in suit for alienation of
   affections.
6. Where evidence as to malice and participation in conspir-
   acy by one of defendants to alienate plaintiff's husband's
   affections was slight, verdict of $100,000 *held* excessive,
   and reduced by $25,000 as to her.

(Decided December 28, 1925.)

[1] Trial, 38 Cyc. p. 1615; [2] Husband and Wife, 30 C. J.
§ 1029; [3] Id.; [4] Id., § 1023; [5] Appeal and Error, 4
C. J. § 2846; [6] Husband and Wife, 30 C. J. § 1030.

ERROR: Court of Appeals for Hamilton county.

*Mr. Froome Morris, Mr. Thomas L. Michie,* and *Mr. Charles E. Dornette,* for plaintiffs in error.
*Messrs. Nichols, Morrill, Stewart & Ginter,* for defendant in error.

CUSHING, J. Plaintiff's second amended petition stated that the defendants wrongfully combined, conspired, and confederated together, with intent to injure plaintiff and deprive her of the society and service of her husband. It then recites, in the nature of a bill of particulars, certain acts which it is claimed the defendants did in furtherance of the conspiracy.

The defendants denied the allegation of conspiracy. The defendant William S. P. Oskamp denied specifically the statements in the so-called bill of particulars.

The issue was as to whether or not the defendants were guilty of conspiracy to, and did, alienate the affections of W. Herbert Oskamp from plaintiff.

The jury found for the plaintiff, and assessed her damages at $100,000. This action is prosecuted to reverse that judgment.

The plaintiff and W. Herbert Oskamp were married, and lived together as husband and wife for about nine years. The separation of June 16, 1922, was brought about by W. Herbert Oskamp. He not only told his wife, in a written communication, that he was through with her, that she should go her way, and he would go his, but he subsequently refused to receive her communications, to see her, or to have anything to do with her, ex-

cept in one instance, when his lawyer requested a meeting at his office. Shortly after Herbert Oskamp's determination to end the marital relation, he filed suit for divorce.

The question in this case is whether or not the defendants conspired to, and did, alienate the affections of W. Herbert Oskamp from his wife.

On the question at issue there is a record of more than 1,200 pages. Both sides presented facts and circumstances from which the jury were to determine whether or not such conspiracy was formed and executed. In addition to the record, and 125 exhibits, we have read the opening statements of counsel to the jury, their arguments to the jury, almost 400 pages of written and printed briefs, the charge of the court, and its opinion on overruling the motion of defendants below for a new trial.

It would serve no good purpose to here analyze and restate the evidence and the deductions to be drawn therefrom, as it would extend this opinion beyond all reasonable bounds. It is sufficient to say that it is impossible to reconcile the testimony offered on behalf of plaintiff with that of the defendants. The conflict is such that the only authority provided by law to determine questions of fact, and which of the parties was entitled to a verdict, was the jury. It was unanimous in its verdict.

In order to determine the question whether or not the verdict was sustained by sufficient evidence, we have considered the entire record, the situation of the parties, all the surrounding facts and circumstances presented by the record, the answers

of the jury to six interrogatories submitted by the defendants below, and the fact that the jury were required by the trial court to state and write in blank spaces in the verdict the names of defendants that they found to be guilty of the conspiracy charged, if they so found.

Our conclusion is that a verdict in favor of the plaintiff is sustained by sufficient evidence.

Many grounds of error are assigned. Our conclusion that the verdict is sustained by sufficient evidence disposes of the contention that the court erred in overruling defendants' motions for an instructed verdict. We will not restate the law on that subject.

On the question of the admission and rejection of evidence, counsel stresses particular items. Some evidence was admitted that might have been excluded, and some rejected that it would not have been error to have admitted, but when these instances are considered in connection with all the evidence on the issue presented in this case, no prejudicial error has intervened. We again call attention to the issue in the case, and to the fact that many of the items of evidence for which plaintiffs in error contend would have been proper had the question of ownership of stock, the possession of personal property, or the unlawfulness of its possession, been in issue in the case. But, as presented, these items could in no way have affected the jury in reaching their conclusion. In fact, some of counsel's claims were with reference to hearsay evidence, while others related to self-serving declarations.

A review of the testimony offered by the defend-

ants below left the impression that an effort was being made to establish that W. Herbert Oskamp, by his voluntary act, ended his marital relations with his wife, and that he had just cause for so doing, or that the defendants, while denying the conspiracy, sought to justify their acts. The jury did not believe either of these theories.

We have always understood that the law stated by the court in its charges, both special and general, should relate to the issue in the case. The special charges requested by defendants below, on what they term the seizure of personal property belonging to W. Herbert Oskamp, and whether such were unlawful acts, in no way related to the issue being tried. They were instructions on items of evidence, and, had they been given, would have amounted to comments by the court on the evidence.

The same may be said with reference to the ownership of the 30 shares of stock, made the subject of a special charge.

The court did not err in refusing these special charges.

At page 66 of the printed brief of counsel for plaintiffs in error, it is claimed that the court erred in its statement to the jury as to the law of theft by Louise Oskamp of her husband's property. The court told the jury that they should be governed by the law as stated by the court, and that the question of theft was not an issue in the case.

Counsel criticizes the court for its rulings on objections made in the arguments to the jury. Counsel for defendants below opened the door by their characterization of the testimony offered by

the plaintiff, and they will not be heard to complain if opposing counsel answered them in kind.

Our conclusion is that the arguments complained of were based on the evidence and reasonable deductions to be drawn therefrom. We do not find that counsel for either side, in the heat of this trial, transgressed the bounds of advocacy.

It is urged that the verdict is so excessive that it appears to have been given under the influence of passion and prejudice. The court in its general charge stated the amount of damages necessarily rested in the sound judgment of the jury, in accordance with the evidence and the rules of law herein laid down, and said: "It is essential and important that your judgment should be justly and impartially exercised." He then stated to the jury that, if the defendants acted through actual malice, spite, or ill will toward the plaintiff, they might, in addition to compensatory damages, award a further sum by way of punishment or example, and stated that the jury could only award such damages in case they found, not legal malice, but actual malice to have existed in this case, and that they should, in awarding such damages, exercise a reasonable discretion, and be controlled by sound, impartial, and dispassionate judgment.

At the request of counsel, after the court had completed its charge, he further stated to the jury: "You are to decide this case on the law and the facts, and not upon sympathy," and instructed them that they could not guess or speculate on the amount of the damage, but that it was to be determined from the evidence and reasonable inferences therefrom. And he again charged that the malice

referred to must be actual malice against the plaintiff.

That punitive damages may be awarded in such case is settled in the case of *Hayner* v. *Cowden,* 27 Ohio St., 292, 296, 22 Am. Rep., 303, and it was also held in that case, and in many others, that in awarding punitive damages the wealth of the defendants was properly submitted to the jury.

The court in its charge failed to include, as it might have done, the question of attorneys' fees as a part of the punitive damages to be awarded. This subject was not mentioned by counsel in argument, or in the court's charge.

The only possible ground for claiming that the verdict of the jury was given under the influence of passion and prejudice was the size of the verdict. In submitting the question of damages to the jury, the court stated the correct rule by which the jury should be guided in determining compensatory damages, and, in a number of places, cautioned them against being swayed by sympathy, passion, or prejudice, and it is clear from the record that the verdict was not influenced by passion or prejudice.

It is argued that the verdict is excessive. We know of no rule by which this court could fix a sum different from that found by the jury. We might suggest an amount that in our opinion the jury should have found. But there is no authority in law for us to substitute our judgment for the verdict. Perhaps there is one element that might be considered, and that is the question of punitive damages against Mrs. Ryan. The record of the part that she took in furtherance of the conspiracy

is very limited.  There was, however, sufficient evidence to take the case to the jury, and they found that she, with the others, was guilty of actual malice.  In that view of the case this court has discussed the question of a remittitur.

Our conclusion is that, while the jury found that Mrs. Ryan was guilty of conspiracy, including actual malice toward the plaintiff, the evidence as to her is slight.  We think that she should be relieved of part of this verdict, and for that reason we will require plaintiff below to submit to a remittitur of $25,000, or a new trial will be granted.

*Judgment accordingly.*

BUCHWALTER, P. J., and HAMILTON, J., concur.