JOURNAL ENTRY and OPINION
{¶ 1} Appellant Franklin Coy, D.V.M., appeals from the judgment of the Cuyahoga County Court of Common Pleas which affirmed the order of appellee, the Ohio Veterinary Medical Licensing Board. The Board found Coy violated R.C. 4741.22(R) in his treatment of an animal under his care, and imposed a penalty upon him for the violation.
 {¶ 2} Appellant asserts the Board's order is flawed for two reasons: first, since the hearing examiner exceeded the scope of the notice of violation; and, second, since it was unsupported by reliable, substantial, and probative evidence. Appellant claims that the trial court abused its discretion, therefore, in affirming the Board's order.
 {¶ 3} Upon a review of the record, this court cannot find the trial court abused its discretion in this matter. Accordingly, the judgment is affirmed.
 {¶ 4} The Board took action against appellant based upon an incident that occurred on March 29, 2002, when Pamela Ackerman brought her two cats, "Zack" and "Arlo," to appellant's office in Chagrin Falls for grooming and vaccinations. Appellant's office assistant Linda Schaefer, who had no specialized training as a veterinary assistant, accepted the cats from their owner and took them to the rear area of the building for the procedures.
 {¶ 5} Appellant proceeded to administer the vaccinations, then a standard anesthetic to each of the felines. Once he was under sedation, the older cat, Zack, was carried to the table first to undergo grooming. Appellant began shaving the cat's fur; however, almost immediately, the plug of the shaver sparked and the shaver ceased functioning.
 {¶ 6} Coy went to telephone the nearest hardware store, ensured he could obtain a new plug unit, and then informed Schaefer he would drive there to retrieve it. The nearest store was in Solon, approximately two miles away, and a five-to-ten minute drive from the office. Appellant instructed Schaefer to return the cat to its cage, then left the premises without his cellular telephone.
 {¶ 7} In the meantime, although Schaefer checked on the cat periodically, perhaps every five minutes, at the third or fourth check she noticed his physical aspect had changed. His eyes were "rolled up," his gums were purple, and most importantly, he was not breathing. She believed he was dead; nevertheless, she began to set up an apparatus to give him oxygen. Appellant returned as she was doing so. Their efforts to revive the animal remained unsuccessful. Appellant determined Zack had gone into "cardiac arrest." Before telephoning Ackerman to notify her of the death of Zack, appellant finished Arlo's procedure.
 {¶ 8} Subsequently, a complaint was lodged with the Board concerning this incident. The Board notified appellant he had been charged with violation of R.C. 4741.22(R), i.e., that he was guilty of "gross incompetence" in leaving his office while Zack was under sedation. Appellant requested a hearing on the charge.
 {¶ 9} The Board's hearing officer listened to the testimony of Schaefer and appellant and admitted several documentary exhibits into evidence. The hearing officer thereafter issued a report in which he stated his finding that appellant had "committed acts that constitute a violation of the Rules and regulations of the Board." Specifically, the "facts adduced demonstrate[d] that the veterinarian left the patient without the care of another licensed veterinarian, when the patient was under a sedative."
 {¶ 10} The hearing officer set forth additional facts indicated by the evidence of which he was highly critical. He opined that appellant began the procedures on the cats without adequate preliminary work regarding their histories and current health conditions, that he "extend[ed] the time away from the veterinary hospital," that he failed to remain in "constant communication" during his absence, and that he neither informed Ackerman immediately of Zack's death nor mentioned his absence from the hospital. According to the hearing officer, these actions were "unacceptable." The officer recommended suspension of appellant's license for a short period of time, along with an order to appellant to complete certain continuing education courses and to pay a fine.
 {¶ 11} Appellant filed an objection to the hearing officer's report and recommendation. Eventually, the Board issued a finding and order on the matter of "whether or not disciplinary action should be taken against the veterinary medical license of [appellant] for violations of R.C. 4721.22 Paragraph R which states the following: `(R) Is guilty of gross incompetence.'"
 {¶ 12} The Board "found that [appellant] violated R.C. 4741.22 (R) by leaving the clinic with an animal under anesthesia with only a veterinary aide on the premises." Thus, the hearing officers' report was adopted; his recommendation slightly was modified in the final order.
 {¶ 13} Appellant appealed the Board's decision to the Cuyahoga County Court of Common Pleas pursuant to R.C. 119.12. Following a review of the administrative record, the trial court affirmed the Board's order.
 {¶ 14} Appellant presents two assignments of error, which he asserts are so "closely related, if not inextricably intertwined," that they must be addressed together as follows:
 {¶ 15} "I. The Trial Court erred in affirming [the Board's] Finding and Order, which was not supported by reliable, probative and substantial evidence and was not in accordance with law.
 {¶ 16} "II. The Trial court erred in finding that [the Board] had not denied Appellant due process."
 {¶ 17} Appellant argues the trial court abused its discretion in affirming an order that lacked any "expert" testimony to support it and that went beyond the scope of the notice of violation.
 {¶ 18} When the trial court reviews an order of an administrative agency, the court must consider the entire record to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. Yaghmaee v. Ohio State ChiropracticBoard, Franklin App. No. 04-AP-302, 2004-Ohio-302, citing Lies v.Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207. The appellate court's review is more limited; this court determines only if the trial court has abused its discretion. Pons v. Ohio State Medical Bd.,66 Ohio St.3d 619, 1993-Ohio-122. No abuse of discretion occurred in this case.
 {¶ 19} The testimony of an "expert" at the administrative hearing was unnecessary to support the Board's decision. Administrative agencies are not strictly bound by the Ohio Rules of Evidence. Belcher v. Ohio StateRacing Comm., Franklin App. No. 03-AP-786, 2004-Ohio-1278.
 {¶ 20} Moreover, appellant, a licensed veterinarian testified. He himself stated that trained veterinary technicians "are not even qualified to handle all emergencies;" thus, obviously, an office aide
would be even less qualified. From appellant's own admission, the Board could determine his decision to absent himself from the premises, leaving the anesthetized animals in the care of only an aide for over fifteen minutes, constituted gross negligence in violation of R.C. 4721.22(R). Schaeffer clearly lacked the necessary skills to deal with potential complications from a surgical procedure such as anesthesia.
 {¶ 21} Similarly, the language of the order demonstrates the Board did not base its decision on other infractions appellant may have committed, but, instead, considered only appellant's violation of subsection (R). It determined appellant's action of leaving the clinic under the circumstances constituted "gross negligence."
 {¶ 22} Contrary to appellant's suggestion, the Board was not required to adopt a specific definition of "gross negligence." Adamson v. OhioState Med. Bd., Franklin App. No. 30AP-926, 2004-Ohio-5261, ¶ 20. Moreover, any term left undefined is accorded common, everyday meaning, rather than the legal definition of the term. Id., ¶ 21. The Board was entitled to conclude from appellant's own admission that he acted recklessly in absenting himself while the cats were under anesthesia, essentially abandoning them in the middle of a surgical procedure; thus, in that particular instance, that appellant as a licensed veterinarian had been guilty of gross incompetence.
 {¶ 23} Based upon the record, therefore, the trial court did not abuse its discretion in affirming the Board's decision.
 {¶ 24} Appellant's assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Corrigan, J. Concur.