[Cite as *Smith v. Ohio Casino Control Comm.*, 2019-Ohio-4870.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vanessa Smith, | : | |
| Appellant-Appellee, | : | |
| | | No. 19AP-237 |
| v. | : | (C.P.C. No. 18CVF-2953) |
| Ohio Casino Control Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on November 26, 2019

**On brief:** *Brandon M. Smith* and *John A. Izzo*, for appellant-appellee. **Argued:** *Brandon M. Smith*.

**On brief:** *Dave Yost*, Attorney General, and *Joseph E. Schmansky*, for appellee-appellant. **Argued:** *Joseph E. Schmansky*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellee-appellant, Ohio Casino Control Commission ("commission"), appeals from a decision of the Franklin County Court of Common Pleas reversing the decision of the commission and remanding the matter to the commission to conduct a new hearing on the application of appellant-appellee, Vanessa Smith, to renew her casino gaming employee license. For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 4, 2013, the commission issued a casino gaming employee license to Smith. R.C. 3772.15, governing license renewal, provides in relevant part as follows:

(A) Unless a license issued under this chapter is suspended, expires, or is revoked, the license shall be renewed for three years, as determined by commission rule, after a determination by the commission that the licensee is in compliance with this chapter and rules authorized by this chapter and after the licensee pays a fee. * * *

(B) A licensee shall undergo a complete investigation at least every three years, as determined by commission rule, to determine that the licensee remains in compliance with this chapter.

(C) Notwithstanding division (B) of this section, the commission may investigate a licensee at any time the commission determines it is necessary to ensure that the licensee remains in compliance with this section.

{¶ 3} On July 28, 2016, Smith filed with the commission her application for renewal of her casino gaming employee license. On April 12, 2017, the commission sent Smith a Notice of Opportunity for Hearing ("NOH"), pursuant to R.C. 3772.04, 119.07, and Ohio Adm.Code 3772-22-01, it intended to deny her application to renew her casino gaming employee license. The reasons listed in the NOH were that Smith submitted a casino gaming employee license application that contained false information or failed to set forth all the information required by the commission, in violation of R.C. 3772.10 and 3772.131 and Ohio Adm.Code 3772-8-02 and 3772-8-05, and failed to timely notify the commission of information impacting her suitability to obtain or maintain a casino gaming employee license, in violation of R.C. 3772.10 and Ohio Adm.Code 3772-8-04. The April 12, 2017 NOH further alleged that Smith "failed to establish, by clear and convincing evidence, [her] suitability for licensure as a casino gaming employee, as required by R.C. 3772.10 and Ohio Adm. Code 3772-8-05." (Apr. 12, 2017 Notice at 3.) The NOH listed numerous traffic violations, including driving while intoxicated, civil judgments, wage garnishments, and a bankruptcy that Smith had failed to disclose on her application.

{¶ 4} On September 7, 2017, a hearing examiner conducted an evidentiary hearing on Smith's application. The hearing officer issued a report and recommendation on October 17, 2017. The hearing officer concluded: "The Commission proved by a preponderance of the evidence the occurrence of all of the factual matters alleged in the NOH." (Oct. 17, 2017 Report & Recommendation at 21.) The hearing officer's report also contained the following conclusions:

3. Ms. Smith's failure to disclose on her renewal application nine instances of past criminal conduct * * * constitute nine separate violations of R.C. 3772.10(F) and 3772.131(D) and Ohio Adm. Code 3772-8-02(C).

4. Ms. Smith's "No" response to Question No. 16 (B) on her renewal application * * * was false and, therefore, a violation of R.C. 3772.10(C)(2).

5. Ms. Smith's failure to disclose on her renewal application five instances of civil complaints that resulted in liens and/or judgments against her * * * constitute five separate violations of R.C. 3772.10(F) and 3772.131(D) and Ohio Adm. Code 3772-8-02(C).

6. Ms. Smith's "No" response to Question No. 18 on her renewal application, regarding whether her wages or other earnings had been subject to garnishment in the last ten years * * * was false and, therefore, a violation of R.C. 3772.10(C)(2).

7. Ms. Smith's failure to disclose a wage garnishment entered against her in September, 2009 in Cleveland Municipal Court * * * constitutes a violation of R.C. 3772.10(F) and 3772.131(D) and Ohio Adm. Code 3772-8-02(C).

8. Ms. Smith's failure to make a timely report to the Commission of five different required reporting events * * * constitute five separate violations of R.C. 3772.19(C)(5) and Ohio Adm. Code 3772-8-04.

* * *

10. Nine instances of criminal conduct by Ms. Smith documented in the record * * *, taken together, support the Commission's determination that she is unsuitable for licensure.

11. Ms. Smith's history of civil litigation and liens and/or judgments, including one garnishment and one bankruptcy * * *, taken together, support the Commission's determination that she is unsuitable for licensure.[1]

(Oct. 17, 2017 Report & Recommendation at 21-23.)

{¶ 5} In addition to the above, the hearing officer also stated: "When the totality of these circumstances are considered together, it is clear that Ms. Smith has failed to establish her suitability for a renewal license by clear and convincing evidence, as required

---

[1] The hearing officer expressly identified the corresponding findings of fact that supported the legal conclusion.

by R.C. 3772.10 and Ohio Adm. Code 3772-8-05."    (Oct. 17, 2017 Report & Recommendation at 17.)

{¶ 6}  On March 21, 2018, the commission issued an order which adopted the hearing officer's report and recommendation "without modification" and denied Smith's application for renewal of her casino gaming employee license.  (Mar. 21, 2018 Order at 2.) Pursuant to R.C. 119.12, Smith timely appealed the commission's order to the court of common pleas.

{¶ 7}  On March 22, 2019, the trial court issued a decision reversing the commission's order and remanding the matter to the commission for a new hearing.  The trial court found the commission's "report and resulting order on its face conflates the burdens of proof and production between the participating parties, a new hearing opportunity must be afforded to [Smith] whereby the Commission is duly assigned the burden of proof by a preponderance of the evidence."   (Mar. 22, 2019 Decision at 12.) Having determined that a new hearing before the commission was required because the commission applied the wrong burden of proof, the trial court did not consider the merits of Smith's claim that the commission's order was not supported by reliable, probative, and substantial evidence and was not in accordance with law.[2]

{¶ 8}  The commission timely appealed to this court from the decision of the common pleas court.

## II.  ASSIGNMENT OF ERROR

{¶ 9}  The commission assigns the following as trial court error:

> The trial court erred by reversing and remanding this case back to Appellant, the Ohio Casino Control Commission, for purposes of conducting a new adjudication hearing.

## III.  STANDARD OF REVIEW

{¶ 10} Appeals from adjudications of the commission are governed by R.C. 119.12. *Zingale v. Ohio Casino Control Comm.*, 8th Dist. No. 101381, 2014-Ohio-4937.  R.C. 119.12(A)(1) provides "any party adversely affected by any order of an agency issued

---

[2] The notice of appeal sets forth the following grounds for appeal:  "I. The Order of the Commission should be reversed on the basis that the Order is not supported by reliable, probative and substantial evidence and is not otherwise in accordance with law; II. The Notice of Opportunity for a Hearing was flawed; III. Ms. Smith's due process rights were violated; and IV.  The renewal application's instructions are vague."  The trial court rejected the grounds alleged in II, III, and IV.

pursuant to an adjudication denying * * * the issuance or renewal of a license * * * may appeal from the order of the agency to the court of common pleas." "An appeal from an order * * * issued by any of the following agencies shall be made to the court of common pleas of Franklin county: * * * the Ohio casino control commission." R.C. 119.12(A)(2)(b).

{¶ 11} The standard of review applied by the court of common pleas in an appeal from a commission adjudication is governed by R.C. 119.12(M), which reads in pertinent part as follows:

> The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * *, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶ 12} "The common pleas court's 'review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court "must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof." ' " *Dept. of Youth Servs. v. Grimsley*, 10th Dist. No. 18AP-546, 2019-Ohio-888, ¶ 9, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). "On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is ' " in accordance with law." ' " *Grimsley* at ¶ 9, quoting *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12.

{¶ 13} An appeal by the agency from an adverse ruling of the trial court is governed by R.C. 119.12(N), which provides: "An appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and, in the appeal, the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record."

{¶ 14} "An appellate court's review of an administrative decision is more limited [than that of a common pleas court]." *Grimsley* at ¶ 10, citing *Pons v. Ohio State Med. Bd.*,

66 Ohio St.3d 619, 621 (1993). In *Pons*, the Supreme Court of Ohio made the following observations:

> While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, *i.e.*, being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment.

*Id.* at 621.

{¶ 15} "On review of purely legal questions, however, an appellate court has de novo review." *Grimsley* at ¶ 10, citing *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 16} In the commission's sole assignment of error, the commission argues the trial court erred in reversing the March 21, 2018 decision and remanding the matter to the commission for a new hearing. More particularly, the commission argues the trial court misconstrued the relevant statutes and rules in concluding Smith did not have the burden of proving her suitability for a renewal casino gaming employee license by clear and convincing evidence. Alternatively, the commission contends the hearing officer's findings of fact and conclusions of law, as adopted by the commission, support denial of Smith's renewal, regardless of her suitability. We agree with the commission that the trial court misconstrued the relevant statutes and rules.

{¶ 17} For purposes of R.C. Chapter 3722, " '[a]pplicant' means any person who applies to the commission for a license under this chapter." R.C. 3772.01(A). R.C. 3772.10(B) sets forth the evidentiary standard for applicants as follows:

> *All applicants for a license under this chapter shall establish their suitability for a license by clear and convincing evidence.* If the commission determines that a person is eligible under this chapter to be issued a license as a casino operator, management company, holding company, key employee, casino gaming employee, or gaming-related vendor, the commission shall issue such license for not more

than three years, as determined by commission rule, if all other requirements of this chapter have been satisfied.

(Emphasis added.)

**{¶ 18}** The commission's position is that Smith was an applicant for a renewal casino gaming employee license and, therefore, she was required by R.C. 3722.10(B) to prove her suitability for the license by clear and convincing evidence. Support for the commission's position is found in the language of relevant statutes and commission rules. For example, R.C. 3772.15(A), pertaining to casino gaming employee license renewal, provides in relevant part as follows:

> *Unless a license issued under this chapter is suspended, expires, or is revoked, the license shall be renewed for three years, as determined by commission rule*, after a determination by the commission that the licensee is in compliance with this chapter and rules authorized by this chapter and after the licensee pays a fee. The commission may assess the license renewal applicant a reasonable fee in the amount necessary to cover the commission's costs associated with the review of the license renewal application.

(Emphasis added.)

**{¶ 19}** R.C. 3772.10(D)(3) provides:

> *A license issued under this chapter is a revocable privilege. No licensee has a vested right in or under any license issued under this chapter.* The initial determination of the commission to deny, or to limit, condition, or restrict, a license may be appealed under section 2505.03 of the Revised Code.

(Emphasis added.)

**{¶ 20}** R.C. 3772.10(D)(3) unequivocally states that a casino gaming employee license constitutes a revocable privilege, not a vested right. R.C. 3772.15(A) makes it clear that a casino gaming employee license has a duration of three years and that renewal is "determined by commission rule." Relevant commission rules include Ohio Adm.Code 3772-8-02(A), which provides in pertinent part as follows:

> *An applicant for an initial, new, or renewal casino gaming employee license* must complete and submit the appropriate form(s) required by the commission and pay an application fee and license fee as described in rule 3772-8-03 of the Administrative Code. The casino gaming employee must provide the commission with all information and documents

> that the commission requests.  The application fee may be increased in accordance with paragraph (B) of rule 3772-8-03 of the Administrative Code.

(Emphasis added.)

{¶ 21} It is evident that Ohio Adm.Code 3772-8-02 identifies three types of casino gaming employee licenses:  initial, new, and renewal.  As previously noted, for purposes of R.C. Chapter 3722, " '[a]pplicant' means *any person who applies to the commission for a license under this chapter*."  (Emphasis added.)  R.C. 3772.01(A).  Because Smith is seeking renewal of her expiring casino gaming employee license, she is an applicant for purposes of R.C. Chapter 3722.

{¶ 22} Smith argues the relevant statutes and commission rules create a distinction between current licensees, applicants for an initial license, and applicants for a renewal license.  Smith further maintains only applicants for an initial casino gaming employee license are required to prove their suitability for a license by clear and convincing evidence.  In other words, Smith believes that the statutes and commission rules support the conclusion that an applicant for a renewal casino gaming employee license is not an applicant at all.  We disagree with Smith's strained construction of the relevant statutes and rules.

{¶ 23} If the General Assembly had intended that only applicants for an initial casino gaming employee license were subject to the burden of proving suitability as set forth in R.C. 3772.10(B), it would have been a simple matter for the General Assembly to add the word "initial" to the first section of subsection (B).  Of course, the General Assembly would have also been required to add the same language to R.C. 3772.01(A) defining the term "applicant."  Because the General Assembly did not single out the "initial" casino gaming employee license for special treatment under R.C. 3772.10(B), the only reasonable conclusion to be drawn from the statutory language is that the burden of proof set forth in R.C. 3772.10(B) applies to all applicants for a casino gaming employee license, including renewal applicants such as Smith.  Consistent with the intent manifested by the General Assembly in drafting R.C. 3772.10(B), the commission adopted Ohio Adm.Code 3772-8-05 without adding the word "initial" to the relevant language.  In accordance with R.C. 3772.10, Ohio Adm.Code 3772-8-05(A) provides "[a]n applicant for a casino gaming employee

license shall establish, by clear and convincing evidence, the applicant's suitability for licensure."

{¶ 24} Moreover, as noted previously, the hearing officer found that the commission had proven all the allegations in the NOH "by a preponderance of the evidence." (Oct. 17, 2017 Report & Recommendation at 16.) Thus, the commission did not require Smith to disprove any of the factual allegations in the NOH. Rather, in light of the proven factual allegations and the legal conclusion arising from those proven facts, the commission placed the burden on Smith to prove, by clear and convincing evidence, she was otherwise suitable for a renewal casino gaming employee license. The relevant statutes and rules support the commission's assessment of the applicable burden of proof in this matter.

{¶ 25} Nevertheless, in reversing the commission, the trial court determined Smith could not be considered an "applicant" for a casino gaming employee license because she had been granted an initial casino gaming employee license in 2013. Rather, the trial court determined Smith should be considered a licensee and, as a licensee, she was exempt from the requirement that she prove her suitability for a license by clear and convincing evidence. Based on this determination, the trial court reversed the commission's order and remanded the matter to the commission for a new hearing without considering whether the commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law.

{¶ 26} In reversing the decision of the commission, the trial court relied on the decision of the Eighth District Court of Appeals in *Zingale*. In *Zingale*, 2014-Ohio-4937, a licensed casino gaming employee was discharged by the casino for consuming an energy drink obtained from the casino bar without paying the $1.84 price. Following the employee's discharge, the commission initiated proceedings, pursuant to R.C. 3772.04, seeking to revoke the employee's casino gaming employee license. The commission alleged the employee (1) removed a Red Bull beverage from the cooler in the employee dining room and voided the sale in violation of the casino's employee handbook; (2) was terminated from employment on October 17, 2012; and (3) failed to notify the commission of his termination in violation of Ohio Adm.Code 3772-8-04(A)(8) and/or (B). The commission revoked the employee's license on finding the employee had failed to establish his suitability by clear and convincing evidence.

{¶ 27} The employee appealed the commission's revocation order to the Cuyahoga County Court of Common Pleas which upheld the agency decision on finding the order was supported by reliable, probative, and substantial evidence. *Id.* at ¶ 20. In his appeal to the Eighth District, the employee argued the commission improperly imposed the burden on him to prove by clear and convincing evidence that he was suitable to retain his license. The employee claimed the burden should have been on the commission to show he was unsuitable. The *Zingale* court held the trial court erred in upholding the commission's decision to revoke the employee's casino gaming employee license because the clear and convincing evidence standard under R.C. 3772.10(B) did not apply to the current holders of casino gaming employee licenses. *Id.* at ¶ 44. The court further concluded in order to revoke a casino gaming employee license, the commission had the burden to prove the licensee's unsuitability. *Id.*

{¶ 28} Smith argues the rule of law in *Zingale* supports the trial court's decision in this case to reverse the commission's order and remand the matter to the commission for a new hearing. The commission argues *Zingale* is inapplicable. We agree with the commission.

{¶ 29} In *Zingale*, the commission initiated an administrative action seeking to revoke an unexpired casino gaming employee license based on the employee's alleged failure to notify the commission of his termination in violation of Ohio Adm.Code 3772-8-04(A)(8) and/or (B). *Zingale* did not involve commission action on a pending application for a casino gaming employee license. In this instance, however, Smith has filed an application to renew her expiring casino gaming employee license. Thus, *Zingale* is distinguishable from the instant case.

{¶ 30} Furthermore, in this case, unlike *Zingale*, the hearing officer's findings of fact and conclusions of law, as adopted by the commission, provide an independent justification for denial of Smith's renewal application, regardless of suitability. (Oct. 17, 2017 Report & Recommendation at 22, Conclusions of Law 10 & 11.) As the commission has noted, R.C. 3722.10(C) prohibits the commission from issuing a casino gaming employee license under the following circumstances:

> The commission shall not issue a * * * casino gaming employee * * * license under this chapter to an applicant if:

> (1) The applicant has been convicted of a disqualifying offense, as defined in section 3772.07 of the Revised Code.
>
> (2) The applicant has submitted an application for license under this chapter that contains false information.
>
> * * *
>
> (5) The applicant violates specific rules adopted by the commission related to denial of licensure.

{¶ 31} Due to the trial court's erroneous conclusion Smith was not an applicant, the trial court did not consider the merits of the commission's findings and conclusions under R.C. 3722.10(C). Because we have determined the trial court erred when it concluded Smith was not an "applicant" for purposes of R.C. Chapter 3722, we must reverse the trial court judgment and remand the matter to the trial court for a determination on the merits of Smith's appeal. On remand, the trial court must review the administrative record to determine whether any of the grounds for denial set forth in the hearing officer's report and recommendation, as adopted by the commission, are supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12(M); *Pons*, 66 Ohio St.3d at 621. This review will necessarily include a determination by the trial court whether reliable, probative, and substantial evidence supports the commission's conclusion that Smith had been convicted of a disqualifying offense, submitted false information on her renewal application, and/or violated specific rules adopted by the commission related to denial of licensure. If the trial court finds any of these conclusions are supported by the administrative record, R.C. 3722.10(C) required the commission to deny Smith's renewal application whether Smith could otherwise be proven suitable or not.

{¶ 32} For the foregoing reasons, we hold the trial court erred when it reversed the commission's order in this case. Accordingly, the commission's assignment of error is sustained. Because we have concluded the trial court misconstrued the applicable statutes and rules in reversing the commission's order, we must reverse the trial court judgment and remand the matter for the trial court to review the commission's order on the merits. We will not address the merits of the commission's decision, for the first time, in this appeal. R.C. 119.12(M); *Pons* at 621.

## V. CONCLUSION

{¶ 33} Having sustained the commission's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings consistent with this decision.

*Judgment reversed*;
*cause remanded.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____