OPINION
The Ohio Veterinary Medical Licensing Board appeals the July 13, 2000 order of the Van Wert County Court of Common Pleas reversing the Board's decision to immediately revoke the license of Cletus M. Vonderwell, D.V.M and asserts three assignments of error with the common pleas court's judgment. Dr. Vonderwell cross-appeals and asserts two assignments of error with the court's judgment.
On July 22, 1999 and following an investigation and evidentiary hearing, an officer of the Ohio Veterinary Medical Licensing Board ("the Board") issued a report suspending Cletus M. Vonderwell, D.V.M. ("Dr. Vonderwell") from the practice of veterinary medicine for three months and further recommending that Dr. Vonderwell's veterinary license be revoked. However, the officer's report also recommended that the revocation of Dr. Vonderwell's license be suspended until July 1, 2002. The hearing officer's recommendations were based on his finding that Dr. Vonderwell was guilty of three licensure violations under R.C. 4741.22. Charge no. 98-98-07 alleged that Dr. Vonderwell untruthfully answered "no" in response to a question on his veterinary license renewal application asking whether his license had been "encumbered" during the previous five years. Dr. Vonderwell had in fact entered into a voluntary settlement with the Board on April 3, 1996, part of which included a letter of reprimand. Similarly, charge no. 98-98-16 alleged that on April 8, 1996, Dr. Vonderwell submitted a renewal application with the Federal Drug Enforcement Agency in which he denied "ever [having] a State professional license * * * revoked, suspended, denied, restricted or placed on probation * * *," despite the fact that he had entered into the settlement agreement with the Board five days earlier. Finally, charge no. 99-99-16 alleged that Dr. Vonderwell had been charged and convicted under 21 U.S.C. § 843 for "furnishing false information to a Drug Dispensing Authority," in connection with his false answer on the April 8, 1996 DEA application. Following a joint hearing on the three charges, the hearing officer found that "there is evidence tending to mitigate the nature of the offenses at issue here, the circumstances presented * * * constitute a basis sufficient to recommend the revocation of Dr. Vonderwell's license," but recommended staying this punishment:
 Taken as a group, these offenses are of such gravity as to justify the Board's revocation of [Dr. Vonderwell's] license. It appears, too, however, that Dr. Vonderwell knows this, and seeks the opportunity to wind down a practice that has otherwise been the kind of practice the profession would tend to want to encourage, for its commitment to the community, to the profession, and to the people who rely on it for a livelihood. That being said, and given there were no clients injured by Dr. Vonderwell's deceptions, there is reason for the Board to seriously consider staying the revocation order for a length of time longer than might otherwise be appropriate, to allow this practice to reach a more orderly end. Thus, my recommendation would suspend the practice for three months effective immediately, with the revocation order becoming effective July 1, 2002.
In reaching this decision, the hearing officer specifically noted that Dr. Vonderwell had been a practicing veterinarian since 1963, had assumed leadership roles in the practice of veterinary medicine and in professional veterinary organizations, had been an active member of the professional veterinary community for more than thirty years, had consistently cooperated with the Board during its investigations of him, and had a clean disciplinary record for the thirty years prior to 1994. The hearing officer also noted that Dr. Vonderwell "operates a clinic that constitutes the only source of employment for five employees in the community, some of whom may have difficulty finding employment elsewhere." Based upon this and other evidence contained in the record, the hearing officer concluded that the most appropriate punishment was to suspend Dr. Vonderwell, but allow him to wind down his longstanding practice and permit a new veterinarian to take the practice over.
Dr. Vonderwell accepted the hearing officer's decision, but the representative of the Board filed objections to the report:
 The Board's representative objects to the recommendation as its [sic] relates to the penalty and specifically to that portion of the penalty that allows Dr. Vonderwell to maintain his practice, should the Board revoke his license, for an additional three (3) years. Retirement is not a penalty [, and] a three month suspension hardly seems appropriate given the gravity of the offenses.
The Board heard the objections to the report, and on August 20, 1999 issued an order immediately revoking Dr. Vonderwell's license. The Board "considered Dr. Vonderwell's non-compliance of the previous disciplinary action and the seriousness of the current charges" and concluded that "a delay in the revocation would not be in the best interest of serving and protecting the public."
On August 30, 1999, Dr. Vonderwell appealed the Board's decision to the Van Wert County Court of Common Pleas pursuant to Ohio Revised Code Chapter 119, and on July 13, 2000, that court vacated the Board's order and remanded the case. The trial court noted, inter alia, that the Board did not have access to the transcript of the original disciplinary hearing when it reversed the officer's recommendation.
 The transcript of the hearing contained testimony, exhibits, and arguments presented in mitigation of immediate revocation of Dr. Vonderwell's license that the hearing officer relied upon in his recommendation for a suspension of Dr. Vonderwell's license. Had the Board had access to that information, the Board may have found the justification for the examiner's recommendation for the delay of the revocation. Without access to the transcript the Board lacked sufficient information to determine whether or not the examiner, in deed, had sufficient justification to recommend a suspension of the revocation. * * * * [T]he Board did not have the opportunity to consider all the evidence available before finding that the hearing had no justification to recommend the suspension of the revocation of Dr. Vonderwell's license. Therefore the court finds that the order of the Board was not supported by reliable, probative, and substantial evidence.
The Board now appeals and asserts three assignments of error with the common pleas court's judgment. Dr. Vonderwell cross-appeals and asserts two assignments of error with the court's judgment.
 Assignments of Error The trial court erred by applying a de novo review and by substituting its judgment for that of the Ohio Veterinary Medical Licensing Board.
 The [t]rial [c]ourt [e]rred [b]y [f]inding [t]hat [t]he [d]ecision [o]f [t]he [b]oard [t]o [r]evoke Dr. Vonderwell's [l]icense [w]as [n]ot [s]upported [b]y [r]eliable, [p]robative, [a]nd [s]ubstantial [e]vidence.
The trial court erred by finding that the decision of the Ohio Veterinary Medical Licensing Board was not based on reliable, probative and substantial evidence because the board members did not read the entire transcript of proceedings prior to rendering an order, in contravention of R.C. 119.09, and reversing the decision of the Ohio Veterinary Medical Licensing Board on that basis.
 Cross-Assignments of Error THE TRIAL COURT COMMITTED ERROR BY NOT FINDING THAT ONE MEMBER OF THE BOARD HAD A PRE-CONCEIVED BIAS AGAINST THE APPELLANT. THE PRE-CONCEIVED BIAS VIOLATED APPELLANT'S DUE PROCESS RIGHTS.
 THE PROCEDURES AND POLICIES OF THE OHIO VETERINARY MEDICINE [sic] LICENSING BOARD VIOLATED THE DUE PROCESS RIGHTS OF THE APPELLANT.
"[R]eview of an administrative decision does not proceed as a trial de novo * * * [but is ordinarily] limited to a decision as to whether the order is supported by reliable, probative and substantial evidence."State ex rel. Fred Stecker Lincoln-Mercury, Inc. v. Ohio Motor VehicleDealers Bd., et al. (1985), 18 Ohio St.3d 391, 396. "In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. The trial court has a mandatory duty to examine and consider the record in its entirety, including the transcript of the proceedings before the hearing examiner. See Lies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207. However, R.C. 119.12 also grants the court discretion to admit new evidence outside the record. "New evidence" does not refer to events subsequent to the hearing, but rather additional evidence which is "newly discovered and could not * * * have been ascertained prior to the hearing * * *." See Stecker Lincoln-Mercury, 18 Ohio St.3d at 396, interpreting R.C. 119.12.
The role of a court reviewing the decision of a trial court is different and more limited, because a court of appeals does not determine the weight to be given the evidence. See Rossford Exempted VillageSchool Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707. The standard of review upon factual issues is whether the common pleas court abused its discretion in finding the administrative order was not supported by reliable, probative and substantial evidence. In reSenders (1996), 110 Ohio App.3d 199, 209.
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.
Rossford, 63 Ohio St.3d at 707 (citations and quotations omitted).
As appellant's three assignments of error raise similar issues for ourreview, we will address them together. In Lies v. Ohio Veterinary Med.Bd., 2 Ohio App.3d at 210, the First District Court of Appeals observedthat administrative boards are not statutorily required to read thetranscript of a hearing prior to issuing a decision:
 [T]he institutional (organizational) decision made by an administrative board may properly be based on written findings of fact prepared by a hearing examiner appointed under R.C. 119.09, so long as the findings of fact constitute a basis for making informed, deliberate, and independent conclusions about the issues, and the board members need not read the entire transcript of testimony in the absence of any affirmative demonstration that the findings of fact are in any way defective.
Id. (emphasis added), quoted in McCune v. Garman (March 9, 1992), Hardin App. No. 6-91-2, unreported, 1992 WL 52748 at *12. Here, the trial court essentially held that the hearing officer's report did not constitute a "basis for making informed, deliberate and independent conclusions" because it did not include all the evidence presented at the hearing and contained in the hearing transcript. While we agree that under R.C. 119.09
an administrative board is not required to read the entire transcript prior to issuing a ruling, the statute does require that the ruling be "based on" the evidence. See Lies, 2 Ohio App.3d at 209-10, quoting R.C. 119.09.
In this case, the trial court's holding rested on the conclusion that the hearing officer's report did not fully reflect the evidence presented at the hearing and contained in the transcript, and the transcript does contain some evidence upon which the trial court could have based this conclusion. We therefore cannot conclude that the trial court's finding demonstrates the "perversity of will, passion, prejudice, partiality, or moral delinquency" that constitutes an abuse of discretion. SeeRossford, 63 Ohio St.3d at 707. Accordingly, we must conclude that the Board's contention that the trial court erred in reaching its decision lacks merit.
For these reasons, appellant's three assignments of error are overruled. Appellee's two cross-assignments of error are overruled as moot pursuant to App.R. 12(A)(1)(c), and the judgment of the Van Wert County Court of Common Pleas is affirmed.
BRYANT and WALTERS, JJ., concur.