DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, University of Akron, appeals the decision of the Summit County Court of Common Pleas affirming the order of the State Personnel Board of Review ("SPBR"). We reverse.
 I.
Appellant employed Chuckie Porter ("Porter") in the University of Akron paint shop. In 1991, Porter was the foreman of the paint shop. His official job classification was as Building Maintenance Superintendent 2. On December 11, 1996, appellant notified Porter that he was removed from his position with the university effective December 13, 1996. According to R.C. 124.34, appellant listed the following reasons for removal:
 [i]ncompetency, inefficiency, dishonesty, immoral conduct, insubordination, neglect of duty, failure of good behavior and misfeasance, malfeasance and/or nonfeasance in office. Particular acts and circumstances constituting the offenses charged include, without limitation, sex harassment of female employees under [Porter's] supervision: fraudulent use and/or manipulation of time/salary records (including [Porter] directing others to improperly punch [him] in and out when not present for work and similarly, [Porter] punching other employees in and out when not present for work); unauthorized use of university vehicles and property for personal reasons and/or business falsification of university work orders; improper favoritism and selective enforcement of policies; punitive work assignments [;] improper use and exercise of managerial powers; ineffective supervision and poor managerial judgment.
Porter timely appealed to the SPBR.
SPBR heard testimony in this case for six days between October 6, 1997 and March 12, 1998. The administrative law judge ("ALJ") found that: 1) Porter's sexual harassment of Jenise Corron ("Corron") constituted immoral conduct and failure of good behavior, 2) Porter's falsification of Corron's time records constituted dishonesty and 3) Porter's violation of appellant's vehicle policy constituted a failure of good behavior. However, the ALJ also found that removal was not an appropriate response to Porter's actions. The ALJ recommended modification based on the following factors: 1) Corron's failure to report the harassment, 2) the length of time the harassment occurred and 3) appellant's prior acquiescence of incidental use of university vehicles.
SPBR accepted the ALJ's recommendation and modified Porter's removal to a six-month suspension and demotion to the job classification of Painter 2. Appellant appealed the SPBR's decision to the Summit County Court of Common Pleas. On February 10, 2000, the common pleas court affirmed the decision of the SPBR. Appellant timely appealed to this court.
 II.
Assignment of Error:
 THE COMMON PLEAS COURT ERRONEOUSLY CONCLUDED THAT THE DECISION OF THE STATE PERSONNEL BOARD OF REVIEW WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
 Appellant argues in its sole assignment of error that the common pleas court erred because the decision of the SPBR to modify Porter's removal was not supported by reliable, probative and substantial evidence. We agree.
The standard of review governing the trial court in an administrative appeal is set forth in Ohio's Administrative Procedure Act, R.C. 119.12. When an administrative agency's adjudication is appealed to the court of common pleas, that court may affirm the order of the agency if it finds, based upon consideration of the entire record and such additional evidence admitted by the court, "that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12; Lies v. Veterinary Medical Bd. (1981),2 Ohio App.3d 204, 206-207. The statute directs the common pleas court to function as an appellate court. R.C. 119.12; see also, Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343. The court must not substitute its judgment for that of the agency rather it "must give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111.
Our review of the agency's order is more limited than the common pleas court. It is incumbent on the common pleas court to examine the evidence while an appellate court is to determine if the common pleas court has abused its discretion. Lorain City Bd. of Edn. v. State Emp. RelationsBd. (1988), 40 Ohio St.3d 257, 260-261. The term "abuse of discretion" connotes more than just an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore, (1983), 5 Ohio St.3d 217, 219. An appellate court must affirm the common pleas court's judgment unless the appellate court can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of the reliable, probative, and substantial evidence. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
In the present case, the ALJ heard evidence from several witnesses over six days regarding Porter's removal. The ALJ found that appellant provided sufficient evidence to establish that it did have established policies regarding sexual harassment, use of time cards and use of university vehicles; that Porter was aware of these policies and that he violated these policies. However, the ALJ recommended that removal was not an appropriate response to the "deplorable nature" of Porter's conduct.
The ALJ focused on two factors regarding the sexual harassment to support a recommendation against removal.[1] First, the ALJ relied on the fact that Corron failed to report Porter's conduct. Corron testified that she was aware that the university had a policy that prohibited sexual harassment and that any report of sexual harassment was kept confidential. When asked why she did not file a report Corron stated:
 [b]ecause I live two streets away. I have a little girl. I'm a single mother. And I work at Foulk Hall. And [Porter] knew everything about me, and every place — — everywhere I went and where my daughter went to school. And I thought I was far too vulnerable. So I just — I didn't say or do anything.
 Second, was the fact that Porter sexually harassed Corron for a short period of time. Corron testified that she worked in the paint shop from the beginning of June to "almost the end of July" in the summer of 1996. She could not recall the exact date the harassment began but she stated that the suggestive comments continued until the last three weeks that she worked at the paint shop. The ALJ's findings of fact stated that Porter did sexually harass Corron over a three-week period during the summer of 1996.
We find that the SPBR's order modifying Porter's removal was not supported by reliable, probative, and substantial evidence. The fact that Corron failed to report Porter's harassment is evidence that can be considered by the ALJ in the determination of whether sexual harassment actually occurred. However, after finding that the sexual harassment occurred, Corron's failure to report the harassment is no longer relevant. Therefore it was error for the ALJ to consider Corron's failure to report the harassment as a factor supporting modification.
We next turn to the period of harassment as a possible factor against Porter's removal. We note that Appellant's sexual harassment policy states its commitment to maintaining a work and study environment that is "free of inappropriate and disrespectful conduct and communication of a sexual nature and sexual harassment in any form." The policy further states "[v]iolations of the University's sexual harassment policy may lead to a variety of remedies, sanctions or penalties, including * * * termination." The policy states appellant's complete intolerance for the type of sexual harassment that Corron was subjected to while working for Porter in the paint shop. Therefore the mere length of time that Porter sexually harassed Corron (three weeks) does not support a finding that Porter's removal from the university required modification.
Having found that Porter's violation of the university's sexual harassment policy supported removal from his position we will not discuss any other violations of the university's policies. We find that the SPBR's modification of Porter's removal was not supported by a preponderance of reliable, probative, and substantial evidence. Accordingly the common pleas court's judgment affirming the SPBR's order was an abuse of discretion. Appellant's sole assignment of error is sustained. Judgment of the common pleas court is reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CARR, J., CONCUR.
[1] We note the ALJ's Report and Recommendation also found Appellant's prior acquiescence of incidental use of university vehicles and the close proximity of Porter's off-campus trips supported a modification of Porter's removal.