OPINION
{¶ 1} Nira, Ltd., appellant, appeals a judgment of the Franklin County Court of Common Pleas affirming the decision of the City of Columbus, Board of Zoning Adjustment ("BZA") and the City of Columbus (sometimes referred to collectively as "City"), appellees, which issued a zoning code violation to appellant for operating an adult entertainment establishment.
 {¶ 2} "Sirens" is located on Cleveland Avenue in Columbus, Ohio, in a building formerly used as "Cheddar's" restaurant. Sirens is owned by appellant, and appellant concedes it did not obtain a certificate of zoning clearance to change the use of the property from a restaurant to an "adults-only entertainment establishment" and that it is less than 500 feet from a residentially zoned area.
 {¶ 3} On June 25, 2001, two code enforcement officers for the BZA, Jeff Pharion and Mike Farrenkopf, visited Sirens. The officers observed several female dancers in "G-string" bottoms remove their bikini-like tops and expose their breasts to them and other patrons. Both inspectors gave similar testimony of their experience at Sirens, except Pharion believed there was a transparent covering over the women's nipples, while Farrenkopf was not certain whether there was any covering over the women's nipples. There was evidence that it was Sirens' policy that dancers wear opaque coverings over their nipples. After reviewing the applicable Columbus City Code ("C.C.") sections, the officers determined that the business featured "topless" and "bottomless" entertainment and had failed to obtain a required certificate of zoning clearance.
 {¶ 4} On or about June 29, 2001, the BZA issued a zoning code violation order to appellant, charging appellant with operating an adult entertainment establishment without first obtaining a certificate of zoning clearance, in violation of C.C. 3305.01, and with operating an adult entertainment establishment within 500 feet of a residentially zoned district or use without first obtaining a special permit from the BZA, in violation of C.C. 3355.02 and 3389.10. Appellant appealed the order to the BZA, contending that it was not an "adults-only entertainment establishment" as defined by C.C. 3303.01, which we note has since been amended. On December 13, 2001, the BZA affirmed the order, finding that appellant was operating an adults-only entertainment establishment and, thus, was in violation of the applicable Columbus City Code sections. On January 9, 2002, appellant appealed the decision of the BZA to the common pleas court, which affirmed the decision of the BZA on July 19, 2002. The court entered a final judgment on August 5, 2002. Appellant appeals the trial court's judgment, asserting the following two assignments of error:
 {¶ 5} "I. The decision by the Court of Common Pleas upholding the order of the Board of Zoning Adjustment is not supported by a preponderance of reliable, probative, and substantial evidence and constitutes an abuse of discretion.
 {¶ 6} "A. The Lower Court's Determination That the Entertainment at Sirens Was Totally Nude, Topless, or Bottomless Was Not Supported by the Evidence.
 {¶ 7} "B. The City Did Not Make the Required Showing that the Entertainment at Sirens Was Obscene or Harmful to Juveniles.
 {¶ 8} "II. The trial court was incorrect as a matter of law in concluding that the Columbus ordinances pertaining to adults only entertainment establishments are not unconstitutionally vague and overbroad, in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, § 11 of the Ohio Constitution.
 {¶ 9} "A. C.C. § 3303.01 Is Unconstitutionally Vague.
 {¶ 10} "B. R.C. § 2907.01(E) and C.C. § 2307.01(E) Are Unconstitutionally Vague and Overbroad."
 {¶ 11} Appellant argues in its first assignment of error that the trial court's decision was not supported by substantial, reliable, and probative evidence. Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111.
 {¶ 12} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, at 111.
 {¶ 13} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied,67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted, "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court abused its discretion * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." An appellate court, however, has plenary review of purely legal questions. Rossiter v. Ohio State Med. Bd. (Apr. 25, 2002), Franklin App. No. 01AP-1252; Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803.
 {¶ 14} The three code sections that appellant allegedly violated, C.C. 3305.01, 3355.02, and 3389.10, set forth various permit and location requirements for "adult" businesses. C.C. 3355.02 provides that "adult book stores," "adult motion picture theaters," and "adults-only entertainment establishments" are permitted uses in a C-4 Commercial District, where Sirens is located, but that it is unlawful to establish one of these businesses within 500 feet of a residentially zoned district or use, or within 1,000 feet of each other, except as provided in C.C. Chapter 3389. C.C. 3389.10 provides that the "adult" businesses described in C.C. 3355.02 may locate within 500 feet of a residential district or use only upon obtaining a special permit, which may be acquired by presenting to the BZA a petition signed by 50 percent of all persons who maintain residences and businesses within 500 feet of the proposed adult business. C.C. 3305.01 requires that a certificate of zoning clearance be obtained before altering the structure or use of any building.
 {¶ 15} We will first address appellant's argument that the City did not make the required showing that the entertainment at Sirens was obscene or harmful to juveniles, as our determination of this issue is dispositive of the entire matter. Appellant's argument that the City was required to show that the entertainment at Sirens was obscene or harmful to juveniles is based upon its reading of former C.C. 3303.01, which provides the following definition of an "adults-only entertainment establishment":
 {¶ 16} "[A]n establishment which features totally nude, topless, bottomless, strippers, male or female impersonators, or similar entertainment or services which are obscene or harmful to juveniles as defined by Ohio Revised Code Section 2907.01(E) and (F) and Columbus City Codes Section 2307.01(E) and (F)."
 {¶ 17} Appellant claims that the phrase "which are obscene or harmful to juveniles" modifies all of the preceding activities, i.e., "totally nude, topless, bottomless, strippers, male or female impersonators, or similar entertainment or services." Thus, appellant maintains that for Sirens to be classified as an adults-only entertainment establishment there must be a determination that the "topless" or "bottomless" dancing alleged by the City is "obscene or harmful to juveniles." Because the City presented no proof that the alleged topless or bottomless dancing was obscene or harmful to juveniles, and because the BZA made no such determination, appellant argues it was error to find Sirens was an adults-only entertainment establishment under former C.C. 3303.01.
 {¶ 18} The City contends that the phrase "which are obscene or harmful to juveniles" contained in former C.C. 3303.01 modifies only the immediately preceding phrase "similar entertainment or services" and not the five specific categories "totally nude, topless, bottomless, strippers, male or female impersonators." Thus, the City maintains that in order to be an "adults-only entertainment establishment," one must feature only one of the following: (1) totally nude, topless, bottomless, strippers, male or female impersonators; or (2) similar entertainment or services which are obscene or harmful to juveniles. Because Sirens featured topless or bottomless dancing, the City urges, Sirens qualified as an adults-only entertainment establishment, and no showing of obscenity or harm to juveniles was necessary.
 {¶ 19} We have recently addressed this precise issue in 4522 Kenny Road, L.L.C. v. Columbus, Franklin App. No. 02AP-631, 2003-Ohio-1891. In 4522 Kenny Road, the establishment in question was "Kahoots," which is located in a Commercial Planned Development District ("CPDD") in Columbus. The operation of an "adults-only entertainment establishment" is prohibited in a CPDD. In 4522 Kenny Road, the appellant made the exact same argument as the appellant in the present case that, in order to satisfy the definition of an "adults-only entertainment establishment," there must be a showing that the establishment featured conduct of the type listed in the code provision and a showing that such conduct was obscene or harmful to juveniles. The BZA found that the appellant was operating an "adults-only entertainment establishment," as defined by former C.C. 3303.01, by featuring "topless" and "bottomless" dancers. It made no finding that the topless or bottomless dancing was obscene or harmful to juveniles. The common pleas court agreed with the BZA that no showing of obscenity or harm to juveniles was required.
 {¶ 20} However, this court reversed the common pleas court's decision. This court found that it was reasonable to interpret the definition of an "adults-only entertainment establishment" to require the entertainment to be obscene or harmful to juveniles when the prohibitions for adult bookstores and adult motion picture theaters in the code required the same showing. We also found the City's interpretation of C.C. 3303.01 would result in the absurd conclusion that male or female impersonators are per se "adults-only entertainment." Further, we noted that the City's interpretation not only flew in the face of grammatical rules but also ignored common sense, pointing to the myriad questions left by the City's interpretation, such as: Are both topless men and women prohibited? Is it only nude, topless or bottomless dancing which is proscribed, or is the exposure itself the problem? Should the word "entertainment" in the latter part of the sentence have been inserted behind each of these adjectives? If nudity is not intended to be entertainment, would it be protected? We reasoned that the only reasonable interpretation of the code that would resolve these questions was to read the phrase "obscene or harmful to juveniles" as applying to all of the preceding portions of the code section. In addition, we found that the City's interpretation of an "adults-only entertainment establishment" would require application of a more stringent standard of proof only where the catchall category of "similar entertainment or services" is implicated. Thus, this court concluded that a showing that the activity at the establishment was obscene or harmful to juveniles must be made before the business can be considered an "adults-only entertainment establishment."
 {¶ 21} The issue in the present case is identical to that in 4522 Kenny Road, and, therefore, we will apply precedent to the current case. Thus, in order for the "topless" and "bottomless" activities at Sirens to make the business an "adults-only entertainment establishment," as defined by former C.C. 3303.01, the activities would need to be proven obscene or harmful to juveniles. Because the City failed to demonstrate this, and the BZA never made any such finding, we find that the decision of the trial court was not supported by substantial, reliable, and probative evidence. Therefore, we must reverse the common pleas court's decision. Appellant's other argument under its first assignment of error regarding the definitions of "totally nude," "topless," and "bottomless" is moot, and we need not address it. Therefore, appellant's first assignment of error is sustained.
 {¶ 22} Appellant argues in its second assignment of error that former C.C. 3303.01, C.C. 2307.01(E), and R.C. 2907.01(E) are unconstitutional as vague and overbroad. Because we have sustained appellant's first assignment of error, appellant's constitutional questions are moot, and we need not address them. Therefore, appellant's second assignment of error is moot.
 {¶ 23} Accordingly, appellant's first assignment of error is sustained, its second assignment of error is rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and case remanded.
PETREE, P.J., concurs.
KLATT, J., dissents.