OPINION
{¶ 1} Appellant, Linda Harrison, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review ("Personnel Board"), which affirmed the decision of the Franklin County Board of Mental Retardation and Developmental Disabilities ("MRDD") to remove Harrison from her employment. Because the trial court did not abuse its discretion in finding that the Personnel Board's decision was supported by reliable, probative, and substantial evidence, and was in accordance with law, we affirm that judgment.
 {¶ 2} Harrison was a Habilitation Specialist 1 employed at the Bixby Living Skills Center ("Bixby") to assist MRDD clients with their basic physical needs. During the morning of July 24, 2002, Harrison was responsible for Gary M., a severely mentally and developmentally disabled and wheelchair-bound client of MRDD. That morning, Harrison decided to change Gary's pants and wheeled Gary into a bathroom located off a classroom. Mary Cox, an occupational therapy assistant, was in the classroom treating another MRDD client. Although Cox initially was focused solely on the client she was treating, she looked up when she heard Harrison say, "I'm not putting up with your shit today" and "you're pissing me off." From where Cox was standing in the classroom, she could see the left side of Gary's head in the bathroom mirror. In the mirror's reflection, she saw Harrison, who was standing in front of Gary, strike Gary's head four or five times. Harrison later told Cox that she "wasn't pissing with Gary today." Cox did not reply to Harrison then, but she reported Harrison's behavior the next day.
 {¶ 3} In response to Cox's report, Lee Childs, a Major Unusual Incidents Investigative Agent for the MRDD, visited Bixby on July 25, 2002. Childs viewed the classroom and bathroom, spoke to Cox, reviewed the incident report and Harrison's training and employment records, and interviewed Harrison.
 {¶ 4} Although Gary's head showed no sign of injury, other evidence convinced Childs that Harrison had mistreated Gary. First, Childs found Cox's explanation of the incident both consistent and credible. As part of the investigation, Childs stood in the classroom where Cox had stood at the time of the incident. From that location, Childs had an unobstructed view into the bathroom and could see the reflection off the bathroom mirror. Second, Harrison's employment record included documentation showing that she had previously treated a MRDD client roughly and committed multiple acts of insubordination. Finally, Childs did not believe Harrison when she denied striking or cursing at Gary. Childs did not find Harrison credible because her explanation of the morning's events included a number of inconsistencies. Harrison first told Childs that she had been behind Gary the entire time they were in the bathroom, but then later said that she moved in front of Gary at times. Also, Harrison first claimed that she and Gary had struggled before they entered the bathroom, but then later said this struggle occurred while the two were in the bathroom.
 {¶ 5} As a result of her investigation, Childs recommended that the MRDD terminate Harrison's employment and she reported the incident to the Groveport Police Department. After a pre-disciplinary conference, the Superintendent of the MRDD ordered that Harrison be removed pursuant to R.C. 124.34 for malfeasance, misfeasance, neglect of duty, and other failure of good behavior. Harrison appealed this order to the Personnel Board.
 {¶ 6} Cox, Childs, and Harrison all testified at a hearing before an administrative law judge ("ALJ"). Cox testified to the events described above. Childs testified about her investigation and explained her conclusions. Harrison again denied striking or cursing at Gary, but she did not testify about her version of the events. Additionally, Harrison introduced photographs of the classroom and sign-in sheets showing that she had attended training sessions regarding how to cope with uncooperative MRDD clients.
 {¶ 7} In her report and recommendation to the Personnel Board, the ALJ recognized that because only Harrison and Cox could testify regarding the incident, her recommendation turned upon which person was more credible. Considering the fact that Cox had no interest in the outcome of the hearing and that Childs had testified that Harrison's story changed while Cox's remained consistent, the ALJ found that Cox was the more credible witness. Thus, the ALJ concluded that Harrison violated R.C. 124.34 and recommended that the Personnel Board affirm Harrison's removal from her employment.
 {¶ 8} On February 25, 2004, the Personnel Board adopted the ALJ's recommendation and affirmed Harrison's removal. Harrison then appealed that order to the trial court, arguing that the Personnel Board erred in choosing to believe Cox's explanation of the incident over her denials. On January 3, 2005, the trial court issued a decision and judgment entry affirming the Personnel Board's order. The trial court concluded that Cox's eyewitness testimony, buttressed by Childs' testimony of her investigation, provided the reliable, probative, and substantial evidence necessary to support the Personnel Board's order. Harrison now appeals to this court from the trial court's January 3, 2005 decision and judgment entry.
 {¶ 9} On appeal, Harrison assigns the following error:
The lower Court erred in affirming that decision of the State Personnel Board of Review removing Appellant from her employment as said decision was not supported by reliable, probative, and substantial evidence and was not in accordance with law.
 {¶ 10} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the court must consider the entire record to determine if the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. To be "reliable," evidence must be dependable and true within a reasonable probability. Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. To be "probative," evidence must be relevant, or, in other words, tend to prove the issue in question. Id. To be "substantial," evidence must have importance and value. Id.
 {¶ 11} In reviewing the record for reliable, probative, and substantial evidence, the trial court "`must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" AmCare, Inc. v. Ohio Dept. of Job Family Servs., 161 Ohio App.3d 350, 2005-Ohio-2714, at ¶ 9, quotingLies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207. In doing so, the trial court must give due deference to the administrative resolution of evidentiary conflicts because the agency, as the factfinder, is in the best position to observe the manner and demeanor of the witnesses. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111. However, the trial court may reverse an administrative order when the trial court determines that the agency's findings are based upon improper inferences, testimony that is internally inconsistent, testimony that is impeached by evidence of a prior inconsistent statement, or other questionable evidence. Ohio Historical Soc. v. State Emp. Relations Bd.
(1993), 66 Ohio St.3d 466, 471; Conrad, supra, at 111-112.
 {¶ 12} Unlike a trial court, an appellate court may not review the evidence. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. An appellate court is limited to determining whether the trial court abused its discretion, i.e., whether the trial court demonstrated a perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent such an abuse of discretion, an appellate court must affirm the trial court's judgment, even if the appellate court would have arrived at a different conclusion than the trial court. Lorain City School Dist. Bd.of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 13} By her only assignment of error, Harrison argues that the trial court abused its discretion in finding that Cox's testimony was reliable, probative, and substantial because it was unsubstantiated and internally inconsistent. Also, Harrison points to her good service record and previous training in dealing with uncooperative MRDD clients, and argues that given this evidence, the trial court abused its discretion by disbelieving her denials. We disagree with both of Harrison's arguments.
 {¶ 14} First, Cox's testimony is neither unsubstantiated nor internally inconsistent. As the trial court points out, Childs confirmed, and the photographs of the classroom show, that it was physically possible for Cox to have seen Harrison hit Gary in the reflection off the bathroom mirror. Further, Cox testified that Harrison was standing in front of Gary and, in that position, Harrison's body would not have blocked Cox's view of the mirror. Finally, although Gary was not visibly injured, the lack of any marks does not contradict Cox's testimony as Cox maintained that Harrison did not use great force when she struck Gary. Thus, no marks would have resulted from the blows.
 {¶ 15} Second, Harrison's record of good service and previous training, while laudable, was insufficient to convince the ALJ that she was a credible witness. As the trial court stated, the ALJ, as factfinder, was in the best position to gage Harrison's credibility, and she believed Cox, not Harrison. Neither the Personnel Board nor the trial court disagreed with this credibility determination and we cannot second guess it.
 {¶ 16} Accordingly, we conclude that the trial court did not abuse its discretion in finding that the Personnel Board's order was supported by reliable, probative, and substantial evidence and was in accordance with law. Therefore, we overrule Harrison's assignment of error.
 {¶ 17} For the foregoing reasons, we overrule Harrison's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown, P.J., and Bryant, J., concur.