OPINION
{¶ 1} Appellant, WCI, Inc., dba Cheeks, appeals from a portion of a judgment of the Franklin County Court of Common Pleas that affirmed a 30-day suspension of appellant's liquor permit by the Ohio Liquor Control Commission ("commission"). Because the trial court abused its discretion by affirming the commission's 30-day suspension of appellant's liquor permit, we reverse the judgment of the trial court and remand this matter with instructions.
 {¶ 2} According to the stipulated record, during undercover law enforcement operations on February 6 and 13, 2003, at appellant's permit premises, Brooke E. Orshoski, a dancer at Cheeks, sold cocaine to an undercover detective of the Montgomery County Sheriff's Office. More than one month later, on March 28, 2003, during another undercover operation at appellant's permit premises, Bobbi Herald, another dancer at Cheeks, sold clonazepam[1] to another detective.
 {¶ 3} Thereafter, before the Montgomery County Court of Common Pleas, Orshoski was convicted of trafficking in cocaine.[2] Unlike the disposition of Orshoski's case, adjudication of Herald's guilt was withheld, even though Herald entered a guilty plea to a charge of trafficking in drugs. Instead, the common pleas court found Herald was eligible for intervention in lieu of conviction, and stayed all criminal proceedings in the matter against Herald.[3]
 {¶ 4} Following these proceedings in common pleas court, on January 21, 2004, an agent of the investigative unit of the Ohio Department of Public Safety ("department") cited appellant for "conviction for felony" that presumably related to Orshoski's conviction for cocaine trafficking. That same day, the department's agent also cited appellant for violations that allegedly occurred on March 28, 2003, and that presumably concerned Herald's selling of clonazepam. According to this second citation, appellant was cited for the following violations: (1) "Allowing Improper Conduct (Agent or Employee Trafficking in Drugs)," and (2) "Allowing Improper Conduct (Agent or Employee Possessing Dangerous Drugs)."
 {¶ 5} The department later served notice on appellant informing it that an administrative hearing would be held to determine whether appellant's liquor permit should be suspended, revoked, or whether a forfeiture should be ordered for alleged violations in two administrative causes of action. In administrative case No. 782-04, the department's notice charged appellant with the following violation:
Violation #1: On our about October 20, 2003, you and/or your agent and/or employee BROOKE ORSHOSKI, was convicted in the Montgomery County Common Pleas Court for violating [sic] Case No. 2003CR02233 (trafficking in cocaine), a felony, in violation of Section 4301.25(A), of the Ohio Revised Code.
 {¶ 6} In administrative case No. 783-04, the department's notice charged appellant with these violations:
Violation #1: On or about March 28, 2003, you and/or your agent and/or employee BOBBI HAROLD and/or your unidentified agent and/or employee did knowingly and/or willfully allow in and upon or about the permit premises improper conduct in that you and/or your agent and/or employee BOBBI HAROLD and/or your unidentified agent and/or employee did allow POSSESSION OF DANGEROUS DRUGS (CLONAZEPAM), in violation of 4301:1-1-52, a regulation of the Ohio Liquor Control Commission.
Violation #2: On our about March 28, 2003, you and/or your agent and/or employee BOBBI HAROLD and/or your unidentified agent and/or employee did knowingly and/or willfully allow in and upon or about the permit premises improper conduct in that you and/or your agent and/or employee BOBBI HAROLD and/or your unidentified agent and/or employee did allow TRAFFICKING IN DANGEROUS DRUGS (CLONAZEPAM), in violation of 4301:1-1-52, a regulation of the Ohio Liquor Control Commission.
 {¶ 7} At the administrative hearing, appellant, through counsel, entered a plea of denial in both cases and stipulated to the state's exhibits in both cases. (Tr. 4.) The state presented no witness testimony. In its defense, appellant offered the testimony of Erick Cochran, manager of Cheeks, and proffered two exhibits that were later admitted into evidence. (Tr. 7-9.) According to Cochran, for the last eight years he had 175 subcontractors at his business and he never had an incident like this before. (Tr. 7.) Cochran also testified that he maintained a "zero tolerance policy towards anything like this." (Tr. 7.) Cochran also testified about corrective actions he had taken to discourage similar activities by dancers in the future. (Tr. 7-8.) Cochran further testified that "[t]hese people in place here were nontrespassed [sic] off the property before I even knew of these undercover buys because of my suspicions of dealing drugs or using drugs." (Tr. 8.)
 {¶ 8} In separate orders the commission ultimately imposed two 30-day suspensions of appellant's liquor permit, which the commission ordered to be served consecutively. Specifically, in administrative case No. 782-04, finding appellant violated R.C.4301.25(A)[4] as alleged in the notice of hearing, the commission imposed a 30-day suspension of appellant's liquor permit, effective June 30, 2004, at noon, through July 30, 2004, at noon. In administrative case No. 783-04, finding appellant violated Ohio Adm. Code 4301:1-1-52 as alleged in Violation #1 in the notice of hearing, the commission imposed a 30-day suspension of appellant's liquor permit, effective July 30, 2004, at noon, through August 29, 2004, at noon. Upon the state's motion, the commission dismissed Violation # 2 in administrative case No. 783-04.
 {¶ 9} Appellant appealed from the commission's orders to the Franklin County Court of Common Pleas. Upon appellant's motion, the trial court stayed with some conditions the execution of the commission's orders during the pendency of the appeal.
 {¶ 10} Affirming in part and modifying in part the commission's orders, the trial court later vacated the commission's suspension of appellant's liquor permit in administrative case No. 783-04. However, the trial court affirmed the commission's order of suspension in administrative case No. 782-04.
 {¶ 11} From the portion of the trial court's judgment that affirmed the commission's order in administrative case No. 782-04, appellant now appeals. Appellee has not cross-appealed.
 {¶ 12} Appellant assigns two errors for our consideration:
ASSIGNMENT OF ERROR NO. 1
The Court of Common Pleas erred when it found that the Liquor Control Commission's Order suspending the Appellant's liquor permit for thirty (30) days was supported by reliable, probative, and substantial evidence and was in accordance with law.
ASSIGNMENT OF ERROR NO. 2
The lower court erred as a matter of law by upholding the Liquor Control Commission's Order since the Commission incorrectly decided the convicted felon continued to hold the status of an employee at the time of this conviction.
 {¶ 13} Because appellant's assignments of error are interrelated, we shall address them together.
 {¶ 14} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111; Andrews v. Bd. of Liquor Control
(1955), 164 Ohio St. 275, 280. See, also, Our Place, Inc. v.Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571
(defining reliable, probative, and substantial evidence).
 {¶ 15} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'"Lies v. Veterinary Medical Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews, at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, at 111.
 {¶ 16} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio explained:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id. at 621. Cf. Smith v. Ohio Liquor Control Comm. (Dec. 10, 1998), Athens App. No. 98CA03, at fn. 1 (stating that in Brownv. Ohio Bur. of Emp. Serv. [1994], 70 Ohio St.3d 1, reconsideration denied, 70 Ohio St.3d 1448, "the Ohio Supreme Court inexplicably deviated from its prior course by phrasing the standard of review facing the court of appeals as being whether the common pleas court's decision was supported by reliable, probative and substantial evidence"). (Emphasis sic.)
 {¶ 17} An appellate court does, however, have plenary review of questions of law. Chirila v. Ohio State Chiropractic Bd.
(2001), 145 Ohio App.3d 589, 592, citing Steinfels v. Ohio Dept.of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800,803, appeal not allowed (1999), 84 Ohio St.3d 1488.
 {¶ 18} Claiming the trial court misconstrued this court's decisions in Shotz Bar Grill, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 02AP-1141, 2003-Ohio-2659, andWaterloo, Inc. v. Liquor Control Comm., Franklin App. No. 02AP-1288, 2003-Ohio-3333, in his second assignment of error appellant asserts that the trial court incorrectly decided that Orshoski continued to hold the status of an employee at the time of her conviction.
 {¶ 19} In its decision and entry, the trial court stated, in relevant part:
* * * While appellant is correct that the cases of Waterloo v.Ohio Liquor Control Commission and Shotz Bar Grill v. OhioLiquor Control Commission address the requirement that the felony conviction occurred during employment or the employment continued after the conviction, both of these cases involve convictions unrelated to the permit business. Neither court addressed the issue of a conviction for activity occurring at the permit premises and while working for the permit holder. * * *
* * *
This Court is unaware of any case that supports Appellant's theory that discharge of the offending employee may exculpate the permit holder where the felony conviction arises out of activities committed on the permit premises. To the contrary, several cases have concluded that drug activity by an employee is sufficient to warrant license sanctions. The contention of Appellant as to this assigned error is not supported by the relevant case law.
(Footnotes omitted.)
 {¶ 20} Notwithstanding the trial court's view, the relevant inquiry at issue is not whether the discharge of the offending employee may exculpate the permit holder where the felony conviction arises out of activities committed on the permit premises. Rather, the relevant inquiry concerns the statutory requirements under former R.C. 4301.25(A)(1) and the trial court's construal and application of this court's precedents inShotz Bar Grill and Waterloo.
 {¶ 21} Former R.C. 4301.25(A)(1), which was in effect in October 2003, when Orshoski was convicted, provided the commission with authority to suspend or revoke a liquor permit for "[c]onviction of the holder or the holder's agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony[.]"[5] See, also, In OutMarket, Inc. v. Ohio State Liquor Control Comm. (Sept. 18, 2001), Franklin App. No. 01AP-231 (observing that "[t]he language of R.C. 4301.25(A)(1) is unambiguous: the commission may suspend or revoke a permit if the permit holder's employee is convicted of a felony[,] [a]ccordingly, no interpretive methods are required"); Waterloo, at ¶ 9.
 {¶ 22} Distinguishing In Out Market, Inc., supra, theWaterloo court previously acknowledged that in the past this court affirmed a liquor permit revocation when an employee's felony conviction occurred after an employee's termination of employment. See, e.g., Waterloo, at ¶ 12 (stating that "[a]lthough this court in In Out Market, supra, affirmed the revocation of a liquor permit pursuant to R.C. 4301.25[A][1] when the employee's felony conviction occurred after his termination from the permit holder's employment, the employee's employment status at the time of the conviction was not raised as an issue and was not addressed by the court").
 {¶ 23} Waterloo expanded Shotz Bar Grill, which was rendered approximately one month before Waterloo. Following Judge Bowman's concurrence in Shotz Bar Grill in which Judge Brown concurred, this court in Waterloo addressed facts essentially the same as those in Shotz Bar Grill and stated that "[t]he plain and ordinary meaning of R.C. 4301.25(A) `requires that the employee of the permit holder to have beenconvicted of a felony.'" (Emphasis sic.) Waterloo, at ¶ 10, quoting Shotz Bar Grill, at ¶ 51 (Bowman, J., concurring). The Waterloo court further explained:
* * * Based upon the identical facts, a majority of this court in Shotz Bar Grill held that, if the evidence does not establish that the person in question was an employee of the permit holder at the time of the conviction, or that his or her employment with the permit holder continued after the conviction, suspension or revocation of the liquor license, pursuant to R.C.4301.25(A)(1), is not authorized. Id. Therefore, there must be reliable, probative and substantial evidence indicating that Schilero was appellant's employee at the time of her conviction, or that she became an employee following her conviction, before the Commission could revoke a liquor permit pursuant to this provision.
Id. at ¶ 10.
 {¶ 24} In its conclusion, the Waterloo court stated: "R.C.4301.25(A)(1) allows the Commission to suspend or revoke a liquor permit if the permit holder's employee is convicted of a felony. The plain and ordinary meaning of the language used in that provision requires that the felony conviction occur while the person is employed by the permit holder before the Commission may take such action." Id. at ¶ 13, citing Shotz Bar Grill,
supra, at ¶ 53.
 {¶ 25} Here, appellant asserts, among other things, that Orshoski was not appellant's employee at the time of the undercover operation in which she sold cocaine to undercover detectives. Rather, according to appellant, Orshoski was an independent contractor. Appellant therefore reasons that, in this case, the trial court erred by applying former R.C. 4301.25(A) because the express language of former R.C. 4301.25(A) required that a permit holder's employee or agent must be convicted of a felony. Appellant's contention is unpersuasive.
 {¶ 26} In Insight Enterprises, Inc. v. Ohio Liquor ControlComm. (1993), 87 Ohio App.3d 692, 697, this court stated:
* * * [T]his court has previously held that, regardless of their nominal status as independent contractors, dancers are agents of the permit holder for the purposes of Regulation 52.Willies Joint Venture v. Liquor Control Comm. (June 27, 1985), Franklin App. No. 85AP-156, unreported. This is consistent with our decisions in other areas of state regulation that a liquor permit holder may not insulate himself from liability by structuring his business in a manner that leaves all those actually operating the business as independent contractors, with no implication of the permit holder for any violations occurring on the premises. See 98 Lounge, Inc. v. Ohio Bur. of Emp. Serv.
(Mar. 26, 1987), Franklin App. No. 86AP-959, unreported, 1987 WL 8938.
 {¶ 27} Applying the reasoning of Insight Enterprises, we find Orshoski in this case acted as appellant's agent by supplying entertainment for appellant's business at the time of the undercover operation. Because appellant may not insulate itself from liability by structuring its business in a manner that leaves all those actually operating the business as independent contractors, appellant's claim that Orshoski was an independent contractor, not an employee or agent, at the time of the undercover operation is not persuasive. InsightEnterprises, at 697.
 {¶ 28} However, more persuasive is appellant's claim that reliable, probative, and substantial evidence does not support a finding that Orshoski was appellant's employee or agent at the time of her conviction. Here, within the record is a handwritten statement from Orshoski wherein she states that appellant "had to let me go around Feb. 2003." Orshoski's statement, as well as a criminal trespass notice of March 14, 2004, support appellant's contention that Orshoski was not working at appellant's business in October 2003 when she was convicted of a felony, and it also supports appellant's contention that Orshoski was unwelcome at appellant's business because Cochran had suspected Orshoski of selling cocaine. Moreover, appellee has not rebutted Orshoski's statement that appellant "had to let me go around Feb. 2003."
 {¶ 29} In Our Place Inc., supra, the Supreme Court explained:
* * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Footnotes omitted.) Id. at 571.
 {¶ 30} However, "[w]here the court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order."Univ. of Cincinnati, supra, at 111. "Thus, where a witness' testimony is internally inconsistent, or is impeached by evidence of a prior inconsistent statement, the court may decide that such testimony should be given no weight." Id. Similarly, "where it appears that administrative determination rests upon inferences improperly drawn from the evidence adduced, the court may reverse the administrative order." Id. at 111-112. See, also, OhioHistorical Soc. v. State Emp. Relations Bd. (1993),66 Ohio St.3d 466, 470-471.
 {¶ 31} Here, the trial court did not find that Orshoski's handwritten statement and the criminal trespass notice lacked reliability or that this evidence should be discredited. Furthermore, we do not find that Orshoski's handwritten statement and the criminal trespass notice lack (1) dependability, (2) relevance in determining the issue, and (3) importance and value, and, therefore, this evidence should be discredited. See OurPlace, Inc., at 571.
 {¶ 32} Construing Shotz Bar Grill, the Waterloo court found that "a majority of this court in Shotz Bar Grill held that, if the evidence does not establish that the person in question was an employee of the permit holder at the time of the conviction, or that his or her employment with the permit holder continued after the conviction, suspension or revocation of the liquor license, pursuant to R.C. 4301.25(A)(1), is not authorized." Id. at ¶ 10.
 {¶ 33} Here, there is an absence of reliable, probative, and substantial evidence indicating that Orshoski was appellant's agent or employee at the time of her conviction, or that Orshoski became appellant's employee following her conviction. ApplyingShotz Bar Grill and Waterloo, in the absence of such reliable, probative, and substantial evidence, the commission could not suspend appellant's liquor permit pursuant to former R.C. 4301.25(A). Shotz Bar Grill, at ¶ 39; ¶ 53 (Bowman, J., concurring); Waterloo, at ¶ 10. Accordingly, we conclude that the trial court's decision is not in accordance with this court's decisions in Shotz Bar Grill and Waterloo.
 {¶ 34} Because the trial court's decision is not in accordance with Shotz Bar Grill and Waterloo, appellant's first assignment of error, wherein it asserts that the trial court's decision is not in accordance with law, is well-taken. Furthermore, because there is reliable, probative, and substantial evidence that Orshoski was not an employee's agent or employee at the time of Orshoski's conviction or after her conviction, we find appellant's second assignment of error is also well-taken. Therefore, finding that the trial court's decision is not in accordance with this court's judicial antecedents in Shotz Bar Grill and Waterloo, and finding that appellant's assignments of error are well-taken, we sustain appellant's first and second assignments of error.
 {¶ 35} Accordingly, having sustained both of appellant's assignments of error, we therefore reverse the judgment of the Franklin County Court of Common Pleas, and remand this cause with instructions to order the commission to dismiss administrative case No. 782-04.
Judgment reversed and cause remanded with instructions.
Bryant and McGrath, JJ., concur.
[1] See, generally, R.C. 3719.41 (schedules of controlled substances).
[2] Montgomery C.P. No. 2003 CR 02233. (Termination entry filed on October 22, 2003.)
[3] Montgomery C.P. case No. 2003 CR 02450. (Decision and order filed on November 14, 2003.)
[4] Since October 20, 2003, when appellant allegedly violated R.C. 4301.25(A), R.C. 4301.25(A) has been amended. See Sub.S.B. No. 23, effective April 7, 2004.
[5] Effective April 7, 2004, Sub.S.B. No. 23 amended R.C.4301.25(A)(1). R.C. 4301.25(A)(1), as amended, now provides that the commission may suspend or revoke a liquor permit for "[c]onviction of the holder or the holder's agent or employee for violating a section of this chapter or Chapter 4303. of the Revised Code or for a felony[.]"