OPINION
{¶ 1} Appellant, Gemini, Inc. dba Gemini ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas, in which the court affirmed two separate orders by appellee, the Ohio Liquor Control Commission ("the commission"), revoking appellant's liquor permit. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} This case arose from an investigation conducted by the Ohio Department of Public Safety at an establishment owned by appellant located at 6700 North Dixie Drive in Dayton (hereafter referred to as Gemini I). As a result of this investigation, two notices of hearing were issued to appellant, which were assigned case numbers 1436-05 and 1438-05. The notice in case No. 1436-05 alleged two violations:
 Violation #1: On April 15, 2004, you and/or your agent and/or employee AMY did knowingly and/or willfully allow in and upon or about the permit premises, improper conduct, in that you and/or your agent and/or employee AMY did traffic in a narcotic and/or an hallucinogen, to wit, COCAINE, in violation of 4301:1-1-52, a regulation of the Ohio Liquor Control Commission.
 Violation #2: On April 15, 2004, you and/or your agent and/or employees SANDY and/or MARYANNE and/or AMY and/or your unidentified agent and/or employee did solicit and/or allowed others to solicit in and upon your permit premises for a thing of value, to wit, DRINKS and/or TIPS FOR DANCERS and/or EMPLOYEES, in violation of 4301:1-1-59, a rule of the Ohio Liquor Control Commission.
Case No. 1438-5 alleged four violations:
 Violation #1: On April 23, 2004, you and/or your agent and/or employees NANCY DUKE and/or CYNTHIA BOYNTON and/or HEATHER WENDLING and/or JANICE SAMUELS, did knowingly and/or willfully allow in and upon or about the permit premises, improper conduct, in that you and/or your agent and/or employees NANCY DUKE and/or CYNTHIA BOYNTON and/or HEATHER WENDLING and/or JANICE SAMUELS did possess in [sic] a narcotic, to wit, MARIJUANA, in violation of 4301:1-1-52, a regulation of the Ohio Liquor Control Commission.
 Violation #2: On April 23, 2004, you and/or your agent and/or employees NANCY DUKE and/or CYNTHIA BOYNTON and/or HEATHER WENDLING and/or JANICE SAMUELS, did knowingly and/or willfully allow in and upon or about the permit premises, improper conduct, in that you and/or your agent and/or employees NANCY DUKE and/or CYNTHIA *Page 3 
BOYNTON and/or HEATHER WENDLING and/or JANICE SAMUELS did possess in [sic] a narcotic, to wit, CRACK COCAINE, in violation of 4301:1-1-52, a regulation of the Ohio Liquor Control Commission.
 Violation #3: On April 23, 2004, you and/or your agent and/or employees NANCY DUKE and/or CYNTHIA BOYNTON and/or HEATHER WENDLING and/or JANICE SAMUELS, did knowingly and/or willfully allow in and upon or about the permit premises, improper conduct, in that you and/or your agent and/or employees NANCY DUKE and/or CYNTHIA BOYNTON and/or HEATHER WENDLING and/or JANICE SAMUELS did possess in [sic] a narcotic, to wit, CLONAZEPAM 1 mg (1 tablet), in violation of 4301:1-1-52, a regulation of the Ohio Liquor Control Commission.
 Violation #4: On or about Sept. 8, 2005, you and/or your agent and/or employee AMANDA WARD and/or your unidentified agent and/or employee was convicted in the Montgomery [County] Common Pleas Court for violating in and upon the permit premises, Section 2925.11(A)(C)(3) [sic] of the Ohio Revised Code (Possession of a Controlled Substance), on April 23, 2004, in violation of Section 4301.25(A) of the Ohio Revised Code.[1]
 {¶ 3} At the same time, separate hearing notices were sent alleging various violations at another establishment, known as Gemini II, also owned by appellant, but operated at a different address and under a separate liquor permit. The hearings for each of the two establishments were held on February 1, 2006. The record shows that initially, the hearings regarding the two separate establishments owned by appellant were to be held separately. The assistant attorney general representing the Department of Liquor Control moved into evidence the exhibits regarding the proceedings against Gemini II. At that point, the following colloquy took place: *Page 4 
 MR. LEWIS [appellant's counsel]: Mr. Chairman, if I may, my comments will be directed both to this particular case, which is Gemini Two as well as Gemini One, so I won't be repetitive and waste this Commission's time.
 * * *
 MR. DEFRANK [Assistant Attorney General]: I apologize. I thought you indicated that you wanted them separated at first. If you're going to speak to both, would you like the other cases and reports presented to you as well then, before he speaks?
 CHAIRMAN MCNAMARA: Probably should if you want to —
 MR. LEWIS: My comments only go as general nature of the situation, not to the specific facts of these particular cases.
 CHAIRMAN MCNAMARA: All right. Well, why don't we take the exhibits in the other cases then, and Mr. Lewis can cover it all.
(Tr. 9-10.)
 {¶ 4} The assistant attorney general then moved into evidence the exhibits regarding the action against Gemini I. In case No. 1436-05, the state dismissed the second violation, with appellant admitting to the first violation. In case No. 1438-05, the state dismissed the first and third violations, with appellant admitting to the second and fourth violations. Appellant's counsel agreed that appellant was admitting to the three violations, and made a statement to the commission regarding health problems that were being experienced by appellant's owner, Arley Childers, at the time the violations occurred. Appellant's counsel further stated that Arley Childers had since died, and that the executor of the estate, Ken Childers, was present at the hearing. Counsel did not seek to have Ken Childers testify regarding the charges against appellant. *Page 5 
 {¶ 5} The commission then issued orders in each of the two case numbers involving Gemini I. Each of the orders revoked the liquor permit under which Gemini I was operated. Appellant appealed the orders to the Franklin County Court of Common Pleas, which affirmed the commission's decision.[2] Appellant then filed this appeal, alleging the following assignments of error:
 Assignment of Error One:
 WHEN THE TRIAL COURT AFFIRMS THE FINDING OF THE COMMISSION, BASED ON A CONVICTION OF AN INDIVIDUAL, NOT EMPLOYED AT THE TIME OF SAID CONVICTION, THE REVOCATION IS NOT BASED ON RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND THE DECISION OF THE TRIAL COURT IS AN ABUSE OF DISCRETION.
 Assignment of Error Two:
 THE TRIAL COURT ERRED WHEN IT FOUND THE ORDER OF THE COMMISSION WAS IN ACCORDANCE WITH LAW, BECAUSE THE ORDER OF REVOCATION WAS BASED ON EVIDENCE FROM ANOTHER ESTABLISHMENT, NOT INVOLVED IN THE ALLEGED VIOLATIONS. THIS VIOLATED THE CONSTITUTIONAL RIGHT OF DUE PROCESS.
 Assignment of Error Three:
 PLAIN ERROR OCCURS WHEN THE RECORD ESTABLISHES THAT THE ADMINISTRATOR OF AN ESTATE WAS AVAILABLE TO TESTIFY AS TO ALLEGED VIOLATIONS IN A LIQUOR ESTABLISHMENT.
 {¶ 6} When a court of common pleas reviews an administrative determination such as that of the commission, its review is "neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, *Page 6 
and the weight thereof.'" Big Bob's, Inc. v. Ohio Liquor ControlComm., 151 Ohio App.3d 498, 2003-Ohio-418, at ¶ 14, 784 N.E.2d 753, quoting Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207,441 N.E.2d 584. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111, 407 N.E.2d 1265. An appellate court's review of an administrative decision is more limited than that of a common pleas court, being limited to a determination of whether the trial court abused its discretion. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748. However, an appellate court has plenary review of purely legal questions. Big Bob's, Inc., supra, at ¶ 14.
 {¶ 7} In its first assignment of error, appellant argues that the commission's finding that appellant violated R.C. 4301.25(A)(1) was not supported by reliable, probative and substantial evidence because Amanda Ward was no longer an employee of appellant's at the time she was convicted. The version of R.C. 4301.25(A)(1) in effect at the time of the alleged violations provided that the commission may suspend or revoke a liquor permit upon "[c]onviction of the holder or the holder's agent or employee for violating a section of this chapter or Chapter 4303. of the Revised Code or for a felony."
 {¶ 8} We have held in a number of cases that the plain language in R.C. 4301.25(A)(1) requires a showing that the person convicted was an employee at the time of the conviction, or became an employee after the conviction, in order to support an action against the liquor permit. See, e.g., Waterloo, Inc. v. Liquor Control Comm., Franklin App. No. 02AP-1288, 2003-Ohio-3333; WCI, Inc. v. Ohio Liquor Control Comm., *Page 7 
Franklin App. No. 05AP-896, 2006-Ohio-2751; Twenty Two Fifty, Inc. v.Ohio Liquor Control Comm., Franklin App. No. 06AP-844, 2007-Ohio-946.
 {¶ 9} However, this case differs from the above-cited cases, because, in this case, appellant admitted to the violation at the hearing before the commission. Appellant argues that the stipulation entered into at the hearing included not just the notice setting forth the violation, but to the rest of the record as well, and appellant claims that it is clear from the face of the record that Amanda Ward was no longer employed by appellant by the time she was convicted on September 8, 2005. However, appellant points to no specific portion of the record that would establish this as a fact.
 {¶ 10} Appellant argues first that it would have been impossible for Amanda Ward to have been employed by appellant at the time of her conviction, because she was sentenced to a three-year sentence of incarceration at that time. However, the fact that Ward's sentence would have prevented her from being employed after her conviction has no bearing on the question of whether she was actually employed at the time of her conviction. Appellant also suggests that the sheer passage of time between the time of the violation in April of 2004, and Ward's conviction in September of 2005, is enough to establish that Ward was no longer employed at the time of her conviction. In the absence of any clear evidence that Ward's employment was terminated prior to her conviction, we are unwilling to make such an inference.
 {¶ 11} The only other evidence in the record appellant can point to is the fact that appellant's counsel informed the commission during the hearing that Ward had been terminated prior to her conviction. However, counsel's statement was made during *Page 8 
argument in mitigation of the penalty to be imposed. Argument made by counsel cannot be considered as evidence, and no evidence to support counsel's statement was offered.
 {¶ 12} Therefore, appellant's first assignment of error is overruled.
 {¶ 13} In its second assignment of error, appellant argues that its due process rights were violated when the commission hearing became confused between issues involving Gemini I and Gemini II, the other establishment owned by appellant. The record shows that the commission initially planned to hear the two cases separately, with the case against Gemini II to be heard first. It was only when appellant's counsel stated his intention to address the two cases together that the commission elected to have the evidence regarding Gemini I entered into evidence as well. Thus, if there was any confusion between the two cases, that confusion was caused by appellant's counsel.
 {¶ 14} However, the record shows that there was no confusion regarding which charges were applicable to Gemini I and which were applicable to Gemini II. The commission issued separate orders revoking the liquor permit belonging to Gemini II. Appellant filed a separate appeal regarding Gemini II in the court of common pleas, and that court separately affirmed the commission's decision. There is nothing in the record indicating that the issues between the two establishments became so confusing that appellant was not afforded adequate due process.
 {¶ 15} Accordingly, appellant's second assignment of error is overruled.
 {¶ 16} In its third assignment of error, appellant argues that it was plain error for the commission to fail to hear testimony by Ken Childers, executor of the estate of Arley Childers, who was the owner when the violations occurred. Appellant argues that Ken Childers was in a position to testify regarding the previous operation under Arley Childers, *Page 9 
as well as steps he had taken since becoming executor to ensure that Gemini I was operated in compliance with the laws covering liquor establishments.
 {¶ 17} Appellant's counsel did not seek to have Ken Childers testify at the hearing before the commission, so it cannot be said that the commission took any steps to prevent him from testifying. Counsel made a statement in mitigation that raised a number of steps that had supposedly been taken by Arley Childers to address the violations that had occurred. At the conclusion of his statement, counsel stated, "Other than that, I really have no other information on these incidences. They were obviously very unfortunate, but the permit holder is not here to explain to you why they occurred." (Tr. 14.) Counsel's argument could not have been considered as evidence, and nothing in that argument provides any indication that Ken Childers had any relevant testimony to offer.
 {¶ 18} We find no plain error where appellant's counsel made no attempt to call a particular witness, particularly in these circumstances where there is no indication that the particular witness had relevant testimony to offer. Consequently, appellant's third assignment of error is overruled.
 {¶ 19} Having overruled all of appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
TYACK and WHITES IDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] This statement of the violation represents the violation as amended at the hearing before the commission. The original notice identified a different date of conviction, convicting court, and employee. Appellant did not object to the amendment at the hearing.
[2] Separate orders were also issued revoking the liquor permit under which the Gemini II establishment was operated. A separate appeal was filed in the court of common pleas for those orders, and the court affirmed the commission's decision. *Page 1