[Cite as *Carnes v. Ohio Dept. of Taxation*, 2016-Ohio-3428.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey Carnes, | : | |
| Appellant-Appellee, | : | No. 15AP-971 |
| | | (C.P.C. No. 15CV-4044) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Taxation, | : | |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on June 14, 2016

**On brief:** *Blaugrund Kessler Myers & Postalakis, Inc.* and *Marc E. Myers*, for appellee. **Argued:** *Marc E. Myers.*

**On brief:** *Michael DeWine*, Attorney General, *Robert E. Fekete*, and *Sloan T. Spalding*, for appellant. **Argued:** *Robert E. Fekete.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellee-appellant, Ohio Department of Taxation ("ODT"), appeals from a judgment of the Franklin County Court of Common Pleas reversing an order of the Ohio State Personnel Board of Review ("board") affirming the decision of ODT placing appellant-appellee, Jeffrey Carnes, on involuntary disability separation ("IDS") and remanding this matter to the board for additional proceedings. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In 2013, Carnes worked for ODT as an Information Technologist 2. In July 2013, ODT scheduled an independent medical examination of Carnes to determine whether he was able to perform his essential job duties. On August 5, 2013, psychologist

J. Nick Marzella, Ph.D., evaluated Carnes.  The next day, Dr. Marzella issued a report indicating his conclusion that Carnes was not "fit for full and unrestricted duty." (Aug. 6, 2013 Psychological Fitness for Duty Evaluation at 6.)  By letter delivered to Carnes on August 15, 2013, ODT labor relations administrator Charles Kumpar informed Carnes that, based on Dr. Marzella's report, ODT planned to involuntarily separate Carnes from employment pursuant to Ohio Adm.Code 123:1-30-01, and that Kumpar would conduct a pre-separation hearing on August 20, 2013.  Kumpar convened the pre-separation hearing as scheduled.  Carnes attended the pre-separation hearing without any legal representation after ODT informed him that such representation was not permitted.  Carnes presented no medical evidence at the pre-separation hearing.  By letter dated August 23, 2013, Kumpar notified Carnes that ODT was placing him on IDS, effective August 26, 2013.

{¶ 3}  Having been placed on IDS, Carnes applied for disability leave benefits beginning August 26, 2013 with the Ohio Department of Administrative Services ("DAS"). DAS requested an opinion from an independent third-party physician, psychiatrist Charles Burke, M.D., as to whether the medical evidence supported an award of disability leave benefits based on a mental health condition.  In October 2013, Dr. Burke reviewed Dr. Marzella's report as part of his records review, and found no evidence of a disabling psychiatric condition.  Dr. Burke explained that "evaluation has shown that Mr. Carnes does have a history of maladaptive personality features and defense mechanisms that are likely to be currently interfering with the performance of his job," but that there "is no evidence of a specific psychiatric condition, which warrants disability from the position of Information Technologist 2."  (Oct. 18, 2013 Independent Evaluation.)  Based on Dr. Burke's opinion, DAS denied Carnes' application for disability leave benefits.

{¶ 4}  On August 30, 2013, Carnes appealed to the board from ODT's IDS decision.  During the pendency of Carnes' appeal of the IDS decision, Carnes requested reinstatement pursuant to Ohio Adm.Code 123:1-30-04.  ODT reinstated Carnes to his position in December 2013.  In June 2014, an administrative law judge ("ALJ") of the board heard Carnes' IDS appeal.  Carnes, Kumpar, Dr. Marzella, and clinical psychologist Dr. George Schulz testified at the hearing.  Dr. Schulz, who evaluated Carnes in November 2013, testified that there were deficiencies in Dr. Marzella's report and that no

psychological condition or illness prevented Carnes from performing his job duties. Additionally, Dr. Burke's report was admitted into evidence, but the ALJ indicated she would consider Dr. Burke's report only for "background purposes." (June 11, 2014 Tr. at 125.)

{¶ 5} On March 5, 2015, the ALJ issued her report recommending that the board affirm ODT's decision to place Carnes on IDS. The ALJ explained that when ODT placed Carnes on IDS, ODT's reliance on Dr. Marzella's report was procedurally and substantively proper. By order dated May 1, 2015, the board adopted the recommendation of the ALJ and affirmed Carnes' IDS. Pursuant to R.C. 119.12, Carnes timely appealed the board's order to the trial court.

{¶ 6} On September 28, 2015, the trial court issued a decision reversing the board's May 2015 order. The trial court determined that the board, in reviewing ODT's decision to place Carnes on IDS, erroneously did not consider the conflicting evidence regarding whether Carnes was incapable of performing the essential job duties of his assigned position when he was placed on IDS. Consequently, the trial court remanded the case to the board for further proceedings. ODT timely appeals from the trial court's decision.

## II.  Assignment of Error

{¶ 7} ODT assigns the following error for our review:

> The Common Pleas Court erred as a matter of law when it misinterpreted and/or ignored the relevant Ohio Administrative Code provisions in finding that the State Personnel Board of Review's Final Board Order, which affirmed the Involuntary Disability Separation of the Appellant-Appellee, was not supported by reliable, probative, and substantial evidence.

## III.  Standard of Review

{¶ 8} In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must

appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12.

{¶ 9} An appellate court's review of an administrative decision is more limited. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court is to determine only whether the common pleas court abused its discretion. *Id.*; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218 (1983). On review of purely legal questions, however, an appellate court has de novo review. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.). Because the issue presented in this appeal is a question of law, our review is de novo.

## IV. Discussion

{¶ 10} In ODT's sole assignment of error, it asserts that the trial court erred as a matter of law when it misapplied pertinent Ohio Administrative Code provisions to find that the board's order was not supported by reliable, probative, and substantial evidence. ODT argues that the trial court erred in finding that the board should have considered medical evidence obtained after the pre-separation hearing in its review of ODT's decision to place Carnes on IDS. We disagree.

{¶ 11} A state employer may place an employee on IDS if the employee "is unable to perform the essential job duties of the position due to a disabling illness, injury or condition." Ohio Adm.Code 123:1-30-01(A). Before involuntarily separating an employee, the appointing authority must hold a hearing. Ohio Adm.Code 123:1-30-01(C). At the "pre-separation hearing," the employee "has the right to examine the appointing authority's evidence of disability, to rebut that evidence, and to present testimony and evidence on the employee's own behalf." Ohio Adm.Code 123:1-30-01(C). "If the appointing authority determines, after weighing the testimony presented and the

evidence admitted at the pre-separation hearing, that the employee is unable to perform his or her essential job duties, then the appointing authority shall issue an involuntary disability separation order."  Ohio Adm.Code 123:1-30-01(D).

{¶ 12} An employee who is involuntarily separated has "the right to appeal in writing to the personnel board of review within ten days following the date the order is served."  Ohio Adm.Code 123:1-30-01(F).  Pursuant to R.C. 124.03(A), the powers and duties of the board include jurisdiction to hear an appeal of an employee in the classified state service from a final IDS decision of an appointing authority as to whether the employee is capable of performing his or her essential job duties due to a disabling illness, injury or condition.  *Cordial v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-473, 2006-Ohio-2533, ¶ 20.   An involuntarily separated employee may also request reinstatement.  Ohio Adm.Code 123:1-30-04(A).  However, the employee may not request reinstatement until three months from the date the employee leaves active work status.  *Id.*  The request for reinstatement must be "accompanied by substantial, credible medical evidence that the employee is once again capable of performing the employee's essential job duties."  Ohio Adm.Code 123:1-30-04(B).

{¶ 13} The deprivation of a state of Ohio classified employee's property interest in the expectation of continued employment implicates constitutional due process protections.  *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 546 (1985).  Additionally, administrative proceedings must comport with due process.  *Edmands v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-778, 2015-Ohio-2658, ¶ 23.   " 'Although due process is flexible and calls for such procedural protections as the particular situation demands, the basic requirements of procedural due process are notice and an opportunity to be heard.' "  *Id.* at ¶ 23, quoting *Fairfield Cty. Bd. of Commrs. v. Nally*, 143 Ohio St.3d 93, 2015-Ohio-991, ¶ 42.  "Procedural due process embodies the concept of fundamental fairness."  *Thomas-Abel v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-46, 2008-Ohio-3302, ¶ 16.  This court has held that, in the context of an appeal of an IDS determination, fundamental fairness requires the board to permit an employee to challenge the weight and sufficiency of the appointing authority's evidence, without limiting that evidence to the evidence presented at the pre-separation hearing.  *Id.* at ¶ 26.

{¶ 14} ODT argues that the issue before the board was whether ODT properly placed Carnes on IDS based on the information presented to it at the pre-separation hearing. Upon framing the issue in this manner, ODT asserts that the board properly only considered evidence available to ODT at the pre-separation hearing when it affirmed ODT's IDS decision.

{¶ 15} We disagree with ODT's framing of the issue. Carnes' appeal of his IDS was not limited to the board's review of whether ODT correctly followed applicable procedure in reaching the decision. The ultimate issue before the board was the substantive issue of whether Carnes was incapable of performing the essential duties of his job as of the date of his IDS. ODT's arguments assume Ohio Adm.Code 123:1-30-01(D) limited the authority of the board in the appeal. However, simply because Ohio Adm.Code 123:1-30-01(D) required ODT to place Carnes on IDS based on ODT's review and assessment of the evidence presented at the pre-separation hearing, that rule did not preclude Carnes from substantively challenging the IDS with new evidence in his appeal to the board. Pursuant to R.C. 124.03(A), the board's jurisdiction in an appeal of an IDS determination includes the authority to determine the ultimate issue of whether the employee is capable of performing his or her essential job duties due to a disabling illness, injury, or condition, not simply whether the appointing authority complied with IDS procedure. For a full administrative appeal to occur, the board was required to permit Carnes to present evidence challenging the IDS placement, without limiting his appeal to the evidence presented at the pre-separation hearing, and to duly consider and weigh all the admitted evidence. *See Thomas-Abel.* Because the board did not comply with both of these requirements, its order was contrary to law. Therefore, the trial court properly remanded the matter for further proceedings.

{¶ 16} For these reasons, we overrule ODT's sole assignment of error.

## V. Disposition

{¶ 17} Having overruled ODT's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

———————————